Argued January 18, re-submitted in banc on record and briefs May 3, reversed and remanded for a new trial July 5, 1978

# STATE OF OREGON, *Respondent,*
*v.*
# RONALD LEE OGDEN, *Appellant.*
## (No. C 77-02-02411, CA 8838)
580 P2d 1049

Paul Walstrom, Certified Law Student, Salem, argued the cause for appellant. With him on the brief were Gary D. Babcock, Public Defender, and Robert C. Cannon, Deputy Public Defender, Salem.

Donald L. Paillette, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

RICHARDSON, J.

## RICHARDSON, J.

Defendant appeals his conviction for burglary in the second degree, ORS 164.215.[1] He was indicted on the burglary charge. At trial evidence of intoxication was presented tending to indicate that defendant did not have the requisite intent to commit burglary. The jury was instructed on burglary in the second degree and was also instructed as to the lesser included offense of criminal trespass in the second degree, ORS 164.245.[2] Defendant assigns as error the trial court's supplemental instruction to the jury to the effect that before it could consider the lesser included offense, it must reach a not guilty verdict on the burglary offense charged in the indictment.

The sequence of events concerning the supplemental instruction was as follows:

Approximately two hours after the jury began deliberations, it submitted a request for clarification of the instructions on criminal trespass and the defense of intoxication. The court reinstructed the jury on these items and it returned to deliberate for another hour. At that time it submitted the following question:

> " 'The jury would like to know if we must vote two to ten against burglary No. 2 before we can vote on criminal trespass No. 2.' "

Defense counsel argued that the jury did not have to convict or acquit and that if it were deadlocked on the burglary charge, it would be entitled to consider

---

[1] ORS 164.215 provides:

"(1) A person commits the crime of burglary in the second degree if he enters or remains unlawfully in a building with intent to commit a crime therein.

"(2) Burglary in the second degree is a Class C felony."

[2] ORS 164.245 provides:

"(1) A person commits the crime of criminal trespass in the second degree if he enters or remains unlawfully in or upon premises.

"(2) Criminal trespass in the second degree is a Class C misdemeanor."

the lesser offense. The trial court expressed disagreement and proposed to instruct the jury that it had to reach a verdict on the indictment charge before it could consider the lesser charge. The court then directed the clerk to find out the number of jurors on each side of the burglary charge. The clerk returned with a count of five on one side and seven on the other. Thereupon the court reconvened the jury and instructed as follows:

"* * * * *

"You have to start with the charge contained in the indictment, the burglary, and you consider the charge of criminal trespass in the second degree only if you should find the Defendant not guilty of the charge of burglary in the second degree.

"* * * * *

"Do you have another question that you want to write out?

"JUROR NO. 7: Yes.

"THE COURT: The question that has been submitted by Juror—by the juror in Seat No. 7 is: 'Does the verdict not guilty have to be determined by a vote of ten to two?'

"Any verdict in this case—well, at least ten of you must agree on any verdict."

Defendant excepted to the instruction at issue here on appeal.

Approximately an hour later the court received a message from the jury that " '[t]hey've been nine to three for the last two hours and don't see how they are ever going to agree.' " Over defendant's objection, the trial court gave the modified "Allen charge" approved by the Supreme Court in *State v. Marsh,* 260 Or 416, 490 P2d 491 (1971), *cert den* 406 US 974 (1972). This instruction was given at about 5 p.m. Forty-five minutes later the jury came in with a 10 to 2 verdict of guilty on the burglary charge.

The import of the supplemental instruction was that before the jury could consider the lesser included offense, it had to reach a verdict with respect to the

burglary charge, and that if the jury was deadlocked as to the burglary charge, the court must order a mistrial. This raises two questions of first impression. First, was the giving of the supplemental instruction error? Second, if the instruction was error, was it likely to have had a coercive effect on the jury constituting reversible error? We answer both questions in the affirmative.

Courts in other jurisdictions have generally held, either directly or by implication, that it is error to instruct the jury that it must reach a verdict with respect to the offense charged before considering the lesser included offense. *See People v. Hurst,* 396 Mich 1, 238 NW2d 6 (1976); *People v. Harmon,* 54 Mich App 393, 221 NW2d 176 (1974); *People v. Ray,* 43 Mich App 45, 204 NW2d 38 (1972); *People v. Clemente,* 285 App Div 258, 136 NYS2d 202, 62 ALR2d 1009 (1954), *aff'd* 309 NY 890, 131 NE2d 294 (1956); *Pinson v. The State,* 94 Tex Crim 517, 251 SW 1092 (1923); *Payne v. State,* 199 Wis 615, 227 NW 258 (1929); *Ballinger v. State,* 437 P2d 305 (Wyo 1968).

The rationale of these decisions is expressed by the Michigan court in *People v. Harmon, supra:*

"The rationale of the *Ray* decision [*People v. Ray, supra*] is, however, somewhat broader than that suggested by the parties. *Ray* seeks to prevent those jurors opposed to a defendant's conviction on a higher charge from being coerced into voting for conviction by an instruction requiring acquittal of that higher charge before lesser offenses can even be considered. For example, if the jury is considering the charge of assault with intent to commit rape, and juror A is opposed to conviction, he may be coerced into changing his vote to guilty by the prospect that the lesser included offenses of assault and battery and simple assault will not even be considered unless all the remaining 11 jurors agree to acquit the defendant of assault with intent to commit rape." 54 Mich App at 395-96.

The state argues that ORS 136.460 and 136.465 require a different result from that reached in other jurisdictions.

ORS 136.460 provides:

"Upon a charge for a crime consisting of different degrees, the jury may find the defendant not guilty of the degree charged in the accusatory instrument and guilty of any degree inferior thereto or of an attempt to commit the crime or any such inferior degree thereof."

ORS 136.465 provides:

"In all cases, the defendant may be found guilty of any crime the commission of which is necessarily included in that with which he is charged in the accusatory instrument or of an attempt to commit such crime."

These statutes do not concern the route by which a jury arrives at its verdict, they merely set forth the rules to judge the legality of the verdict when compared against the charge in the accusatory instrument. These statutes form the basis of the court's authority to present to the jury lesser degrees, lesser included offenses and attempts. *See State v. Washington,* 273 Or 829, 543 P2d 1058 (1975). Under these statutes if the jury arrives at a verdict of a lesser offense submitted in the court's instructions, the verdict is proper despite the fact it was not specifically charged by the wording of the accusatory instrument. These statutes do not require the jury to render a verdict on the offense charged before considering the other offenses submitted by the court.

■ The state also relies on *State v. Steeves,* 29 Or 85, 43 P 947 (1896). The express holding of that case is that for double jeopardy purposes "a conviction of a lower degree necessarily included within an indictment charging the commission of a greater crime, *operates* as an acquittal of all the degrees above it * * *." (Emphasis added.) 29 Or at 111. The rule does not require the jury to arrive at a verdict of acquittal on the greater charge; it merely sets forth a rule for interpreting a verdict of guilty on the lesser offense as it relates to the greater offense charged. When the jury renders a verdict of guilty on the lesser offense the defendant is deemed acquitted of the higher

charge without formal action on that charge by the jury.

■ The doctrine of lesser included offenses allows the jury some latitude in considering the offenses about which they have been instructed. The supplemental instruction given by the court invaded this province of the jury and was error. It effectively inhibited the right of the jury to consider the lesser offense of trespass.

Under the circumstances of this case we conclude the error was prejudicial and requires reversal. There was substantial evidence that defendant was intoxicated, thus negating his intent to commit burglary. The reasonable inference is that the jury was divided on this issue. Had the jury been properly instructed there is a reasonable possibility it would have embraced the lesser offense and arrived at a different verdict.

This opinion should not be read as foreclosing instructions that, in some measure, seek to control the method of jury deliberation. It is the province of the jury to decide questions of fact and to arrive at a verdict based on the law and the evidence. In arriving at a verdict the jury is to consider all the evidence and the law including all of the various offenses submitted by the court. Because of the confidential nature of jury deliberations, courts are not apprised of the methods juries use in deciding on a verdict. We recognize the reality of our jury system that juries often arrive at compromise verdicts, or acquit an obviously guilty defendant by a simple jury pardon. The deliberations may be orderly, chaotic or controlled by one or two jurors. As a practical matter there is little opportunity for the court to control or police jury deliberations other than by instructions on the law.

Recognition of the procedure by which juries sometimes arrive at their decision does not mean we must adopt a system of jury instructions which fosters it. It

is proper for a court to bring some measure of order to jury deliberations by its instructions. A court may tell a jury it is to first consider the charge in the accusatory instrument and if it cannot agree on a verdict on that charge it should then consider the lesser included offenses submitted in the instructions. A jury of lay persons faced with an accusatory instrument charging an offense is not necessarily aware a verdict of guilty on other offenses would be proper. If the court simply submits the elements of a number of offenses the jury is left to proceed on an uncharted course. An instruction to the effect the jury must consider the principal charge first does not prevent consideration of all submitted offenses or set an agenda for the jury deliberations and does not invade the province of the jury.

As indicated, the court can rarely be aware whether the jury considered the greater charge before arriving at a verdict of guilty on the lesser offense. The court may poll the jury to determine if the verdict was agreed upon by the requisite number of jurors, but beyond that the deliberations remain confidential. The fact that there is no practical method of enforcing compliance with the instructions does not foreclose the duty to give them.

In summary we conclude it is proper for a court to instruct a jury they are first to consider the charge in the accusatory instrument and if they cannot agree upon a verdict in that charge they are to consider the lesser included offenses. The instruction given by the court was in error and the coercive potential of the instruction requires reversal.

Reversed and remanded for new trial.

**JOHNSON, J.,** specially concurring.

An appellate court's responsibility in a case of first impression such as this is not merely to decide that the instruction to the jury was erroneous, but to explain our reasoning and in so explaining to provide some

guidance to the trial court in this and future cases as to how to frame a proper instruction. The majority opinion does not explain our reasoning. Rather, it engages in an exercise of illustrating how the statutes and cases relied on by the state are irrelevant to the issues presented. It also cites, but does not discuss, cases from other jurisdictions which hold to be erroneous instructions substantially similar to that at issue here. The majority then concludes that the instruction here was error because it invades the province of the jury. The majority makes no attempt to explain how it reached this conclusion. Equally without analysis, the majority goes on to suggest an alternate instruction which is erroneous.

## The Rationale

The reasons for invalidating the instruction at issue here are embedded in the policy considerations of the lesser-included offense doctrine. There are two possible rationales for that doctrine. The doctrine originated to assist the prosecution in obtaining a conviction. *State v. Washington,* 273 Or 829, 836, 543 P2d 1058 (1975). Arguably, the rule is only applicable where the prosecution's evidence has failed to make out the elements of the offense charged, but has proved the elements of a lesser offense. If this is the only import of the lesser-included offense rule, then the trial court's instruction here was correct. However, the rationale for the rule is broader, encompassing not only a failure of proof by the prosecution, but also the inherent power of the jury to pardon.[1] This rationale is implicit in the fact that the rule has been extended to permit not only the prosecution but also the defense as a matter of right to demand lesser-included offense

---

[1]  "* * * An inherent feature of the common law trial by jury accorded by the Constitution of the United States to all defendants in criminal cases * * * comprizes the power of the jury to find the defendant not guilty, even if the evidence is overwhelming or conclusive. * * *" *United States v. Fielding,* 148 F Supp 46, 56 (1957).

[ 99 ]

instructions. *Washington,* 273 Or at 837. If the lesser-included offense rule merely pertains to a failure of proof, it is questionable how such instruction could benefit the defendant who obviously would prefer an acquittal to a conviction of a lesser offense.

There is not a great deal of authority articulating the purposes of the lesser-included offense doctrine. In *Washington* the court stated that a purpose of the rule was to cover the situation where the prosecution failed to prove all the elements of the offense, but also acknowledged that a likely result is "compromise verdicts." 273 Or at 840. Courts in other states have been more explicit when confronted with the issue. *See e.g., People v. Powell,* 34 Cal 2d 196, 208 P2d 974 (1949); *Killen v. State,* 92 So 2d 825 (Florida 1957); *People v. Munoz,* 11 App Div 2d 79, 202 NYS 2d 743 (1960); *People v. Clemente,* 285 App Div 258, 136 NYS 2d 202, 62 ALR 2d 1009 (1954), *aff'd,* 309 NY 890, 131 NE 2d 294 (1956); *People v. Mussenden,* 308 NY 558, 127 NE 2d 551 (1955); *see also People v. Hurst,* 396 Mich 1, 238 NW 2d 6 (1976). In *Mussenden,* the New York Court of Appeals, interpreting statutes identical to ORS 136.460 and 136.465, stated:

"It has been repeatedly written that if, upon any view of the facts, a defendant could properly be found guilty of a lesser degree or an included crime, the trial judge must submit such lower offense. * * * And it does not matter how strongly the evidence points to guilt of the crime charged in the indictment, or how unreasonable it would be, as a court may appraise the weight of the evidence, to acquit of that crime and convict of the less serious. * * * Consequently, although originally 'intended merely to prevent the prosecution from failing where some element of the crime charged was not made out', People v. Murch, 263 N.Y. 285, 291, 189 N.E. 220, 222; see, also, People v. Miller, supra, 143 App. Div. 251, 128 N.Y.S. 549, affirmed 202 N.Y. 618, 96 N.E. 1125, the doctrine, given expression in sections 444 and 445, redounds to the benefit of defendants as well, since its effect actually is to empower the jury 'to extend mercy to an accused by

finding a lesser degree of crime than is established by the evidence'. * * * 308 NY at 561-62.

It follows that if one of the purposes of the lesser-included offense doctrine is to allow the jury latitude in selecting whether to convict of the offense charged or a lesser offense, then it is the province of the jury to determine when and how it makes that selection. The instruction here directing that the jury reach a verdict before considering the lesser-included offense invaded that province. The majority impliedly adopts this view, but is unwilling to say so.

### Guidelines as to the
### Proper Instruction

In this case the jury, after deliberating for two hours and finding itself divided seven to five, asked the trial court whether it must reach a verdict on the burglary charge before it considered the lesser-included offense of criminal trespass. The trial court responded by erroneously instructing the jury that it must first reach a verdict before it could consider the lesser offense. Considering the rationale for the lesser-included offense doctrine, the proper supplemental instruction would have been to advise the jury that the manner and order in which it considers the offenses is wholly within its province, provided it considers all of the offenses about which it was instructed.

The majority opinion, however, suggests that the proper instruction would have been to tell the jury "first to consider the charge in the accusatory instrument and if they *cannot agree* upon a verdict on that charge they are to consider the lesser-included offenses." 35 Or App at 98. (Emphasis supplied.) The criticism I have of this suggested instruction is that it begs the question. Under the circumstances presented here, it could be anticipated that the jury would then ask: "Does your instruction mean that because we have deliberated for two hours and have a seven to five division as to the verdict on the offense charged, we

can now consider the lesser-included offense?" Or: "Would you define for the jury what constitutes a disagreement?" The answers to these questions invite instructions which are foreign to the Anglo-American jury trial. The majority, in its zeal to make sure that the jury considers the highest offense charged, apparently perceives the lesser-included offense rule as permitting the jury only to consider the lesser offense if it reaches a not guilty verdict *or is "hung"* as to the offense charged. This is a novel proposition since traditionally it has been the province of the trial court, not the jury, to determine when the jury is "hung." Upon making such determination, the trial court ordinarily dismisses the jury and declares a mistrial because the jury is unable to decide the case. There is no precedent for instructing the jury itself as to how to determine that it is in disagreement and cannot reach a decision.

The premise underlying the lesser-included offense doctrine is that the jury will reach a verdict on one of the offenses submitted and that the selection of the appropriate offense is wholly within its province. The manner and order in which the offenses are considered by the jury is for it to decide. The majority's concern that the highest offense will not be considered is alleviated if the jury is carefully instructed that it must consider all the offenses charged. The majority concedes that as a practical matter the jury will in any event exercise its pardon power by convicting of a lesser offense, if that is in fact its desire, even though the evidence of the offense charged is overwhelming. Thus, there is no justification for the majority's suggested instruction the only effect of which will be to confuse and which has no basis in law.

Schwab, C. J., joins in this specially concurring opinion.

**THORNTON, J.,** dissenting.

This is an issue of first impression in Oregon.

[ 102 ]

In my view the challenged instructions were a correct statement of the law in this state and are completely consistent with ORS 136.460, 136.465, 131.515 and 136.450.

As our Supreme Court held in *State v. Steeves,* 29 Or 85, 43 P 947 (1896), before finding an accused guilty of an inferior crime, the jury must first determine his guilt or innocence of the charge set forth in the indictment. That determination amounts to a verdict upon that charge, and pursuant to ORS 136.450, requires the concurrence of at least 10 of the 12 jurors, except in a verdict for murder, which must be unanimous.

As the Attorney General argues, requiring a 10 to 2 vote of the jury before proceeding to consider a lesser included offense is no more coercive or restrictive than requiring the same number to find defendant guilty of the lesser offense. I agree.

Contrary to the majority, I am unwilling to invalidate our long accepted practice in this regard and embrace the rule adopted in those cases from other jurisdictions cited and relied upon in the majority opinion.

I believe that an analysis of those decisions would show that in most, if not all, the statutory background and procedures in those jurisdictions are at variance with the statutes in this state covering such matters.

For the above reasons I respectfully dissent.