FELDMAN, Justice,
specially concurring.
I concur with the majority on the resolution of all issues. I differ, however, with respect to the instruction authorizing the jurors to consider lesser included offenses.
The majority states (at 76) that the preferred instruction is one which requires that the jury acquit the defendant of the charge brought against him before it may consider any lesser included offense. Thus, those jurors who may not agree that the defendant has been proved guilty of the principal charge are faced with the following alternatives:
1. They must forego their convictions and vote with the majority in order to obviate the danger of hanging the jury; or,
2. They must attempt to persuade the majority to acquit the defendant of the principal charge, so that the jury can then consider the lesser included offenses; or,
3. They may hold out for acquittal of the principal charge, hanging the jury, even though they may believe the defendant is guilty of a lesser offense.
In my view, this invades the province of the jury. State v. Ogden, 35 Or.App. 91, 97, 580 P.2d 1049, 1052 (1978). I believe the better rule, for both the prosecution, the defendant and the system as a whole, is that the jury should be allowed to consider lesser included offenses when they either agree on acquittal of the charged offense, or when they cannot agree on defendant’s guilt of the charged offense. From the government’s view, such a rule prevents the acquittal or mistrial of a defendant who cannot be convicted of the charged offense *433 but could have been convicted of a lesser included offense; from the defendant’s view it prevents a minority of jurors from being coerced into convicting the defendant of the offense charged simply because they do not wish to hang the jury when they believe the defendant is guilty of some crime, though not of the one charged. See United, States v. Tsanas, 572 F.2d 340, 344-46 (2nd Cir.), cert. denied, 435 U.S. 995, 98 S.Ct. 1647, 56 L.Ed.2d 84 (1978).
I would hold that it is proper for the court to instruct the jury that they are first to consider the offense charged and, if they cannot agree upon a verdict of guilt on that charge, they are then to consider the lesser included offenses. This was the practice previously followed in Arizona. See Recommended Arizona Jury Instructions (Criminal) (1980) No. 1.03, which tells the jury, in effect, that they may consider lesser included offenses if the evidence does not warrant conviction of the offense charged. This leaves the jury free to compromise where they have been unable to agree on the principal charge. In my view, we should continue with the RAJI instruction.
Because I believe the charge on lesser included offenses was not prejudicial in this case, I concur in the result. I agree with the majority’s analysis of the other issues.