## STATE OF OREGON,
*Respondent,*

*v.*

## JOSE ORELLANO VELASCO,
*Appellant.*

(CR 84-79, CR 84-80; CA A34533 (Control), A34534)
(Cases Consolidated)

709 P2d 760

J. Marvin Kuhn, Chief Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

**ROSSMAN, J.**

Defendant appeals his conviction for attempted murder. ORS 163.115, 161.405. Relying on *State v. Ogden,* 35 Or App 91, 580 P2d 1049 (1978), he contends that the trial court erred in the manner in which it instructed the jury on certain lesser included offenses. We affirm.

Defendant was charged in a two-count indictment with attempted murder, a Class A felony, and assault in the second degree, a Class B felony, based on the shooting of a single victim. The jury was also instructed to consider the crime of assault in the third degree, a Class C felony, as a lesser included offense of assault in the second degree.[1]

The trial court's instructions that defendant now challenges provide, in three pertinent parts:

(1)   "If you're not satisfied that the State has proved the charge of Attempted Murder or if you're unable to reach a verdict on that charge, you may consider the *less serious* charge of Assault in the Second Degree." (Emphasis supplied.)

(2)   "* * * If you're not satisfied that the State has proved either the charge of Attempted Murder or Assault in the Second Degree or if you're unable to reach verdicts on those charges, you may consider the less serious, *lesser included charge* of Assault in the Third Degree." (Emphasis supplied.)

The court later supplemented its instructions:

(3)   "* * * Where you have a choice of several charges * * * what I would suggest is you consider the most serious charge first."

Defendant contends that the court's instructions mandated that the jury could consider "the lesser included offenses" only after it had reached a final decision on the greater offense and are therefore improper under *State v. Ogden, supra.*

■      At the outset, it should be noted that the *Ogden* line of cases applies only to the "lesser included" offense situation and would, therefore, clearly control that portion of the

---

[1] Four verdict forms were submitted to the jury: (1) guilty of attempted murder, (2) guilty of assault in the second degree, (3) guilty of assault in the third degree, and (4) not guilty. The jury was told that only one form of verdict should be returned to the court.

instructions pertaining to the two levels of assaults, the second paragraph quoted above. However, as to the attempted murder and assault in the second degree charges (referred to in the first paragraph quoted above), both of which were specifically charged in the indictment, the trial judge's instructions—in distinguishing the attempted murder charge—simply identify the assault in the second degree as being less serious. There is no reference to a "lesser included" offense. Thus, this situation lies outside the *Ogden* situation. No decision of this court or the Oregon Supreme Court has suggested that it is improper for a trial judge, in instructing on a multiple-count accusatory instrument, to suggest that the jury consider the charges in the order of their respective seriousness. Thus, we find no error in the manner in which the trial judge instructed on the alternative charges of attempted murder and assault in the second degree.

■     We next turn to the instruction on the lesser included offense of assault in the third degree. This instruction differs materially from those found erroneous in *Ogden* and its progeny. In *Ogden,* the court had instructed a jury that, before it could consider the lesser included offense of criminal trespass, it *had* to reach a verdict on the greater charge of burglary. The instruction which we found to be erroneous was:

> "You have to start with the charge contained in the indictment, the burglary, and you consider the charge of criminal trespass in the second degree only if you should find the Defendant not guilty of the charge of burglary in the second degree." 35 Or App at 94.

Later, in *State v. Bird,* 59 Or App 74, 650 P2d 949 (1982), this court found an almost identical instruction erroneous:

> "* * * If you determine that Mr. Bird is not guilty of the crime of murder, then you may consider the crime of manslaughter in the first degree." 59 Or App at 79.

Both of those instructions required a verdict of not guilty on the greater charge before the jury could consider the lesser charge. It was precisely that mandated element of the instruction which led to our conclusion that "the coercive potential of the instruction requires reversal." *State v. Ogden, supra,* 35 Or App at 98. In the case now before us, we do not find that coercive element to be present. The trial court's instructions

did not mandate that the jury reach a verdict on the greater charge before considering the lesser included offense. In its supplementary instruction, the trial court made it clear that the instruction to consider the most serious charge first was simply a suggestion.

We believe that the judge followed *Ogden:*

"This opinion should not be read as foreclosing instructions that, in some measure, seek to control the method of jury deliberation. * * *

"* * * It is proper for a court to bring some measure of order to jury deliberations by its instructions. A court may tell a jury it is to first consider the charge in the accusatory instrument and if it cannot agree on a verdict on that charge it should then consider the lesser included offenses submitted in the instructions. * * *" 35 Or App at 97-98.

Here, the judge suggested an orderly and logical sequence, designed to help the jury in its deliberations and the returning of a proper verdict. That is the purpose of any instruction.

Affirmed.