JOHN PEASLEE,
*Respondent - Cross-Appellant,*

*v.*

KEENEY,
*Appellant - Cross-Respondent.*

(152,548; CA A37415)

726 P2d 398

Terry Ann Leggert, Assistant Attorney General, Salem, argued the cause for appellant - cross-respondent. With her on

the briefs were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Michael E. Swaim, Salem, argued the cause for respondent - cross-appellant. With him on the brief was Swaim, Betterton & Eder, Salem.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

This is a post-conviction case in which the state seeks reversal of an order granting petitioner's petition for post-conviction relief. The post-conviction court held that petitioner's trial counsel was ineffective for failing to object to the jury instructions given in petitioner's original trial. We affirm.[1]

At the close of the trial, the court instructed the jury, in relevant part:

"Also, generally, you're advised that if you're not satisfied beyond a reasonable doubt that the defendant is guilty of the specific crime or offense charged in the indictment, you may, however, find him guilty of any lesser offense included in the offense charged if the evidence is sufficient to establish his guilt of such lesser offense beyond a reasonable doubt.

"* * * * *

"If you have reasonable doubt that the defendant is guilty of murder under either of the two alternative theories, you should consider whether the defendant is guilty of manslaughter in the first degree.

"* * * * *

"If you find neither of those verdict forms, you then consider the lesser included offense, the manslaughter offenses. And if you don't sign one of the first two verdict forms, then you consider the lesser includeds and the not guilty."

Petitioner's counsel did not object to those instructions. Petitioner was convicted of aggravated murder and robbery in the first degree. We affirmed those convictions. *State v. Peaslee,* 59 Or App 519, 651 P2d 182, *rev den* 294 Or 212 (1982), 294 Or 569 (1983).

The post-conviction court found that, if petitioner's trial counsel had excepted to the instructions, the conviction would have been reversed, because the instructions required the jury to acquit petitioner of the more serious charges before it could consider any lesser included offenses. The court held

---

[1] On cross-appeal, petitioner also alleged that his trial counsel was ineffective for three other reasons, all of which were rejected by the post-conviction court. Because we affirm on the appeal, the cross-appeal is moot.

that trial counsel's failure to except to the instructions constituted ineffective assistance of counsel, depriving petitioner of rights guaranteed by Article 1, section 11, of the Oregon Constitution and the Sixth and Fourteenth Amendments to the United States Constitution. The court reversed petitioner's conviction and remanded the case for a new trial.

■ The first question is whether the instructions were erroneous. In *State v. Allen,* 301 Or 35, 38, 717 P2d 1178 (1986), the Supreme Court held that an "acquittal first" instruction that requires a jury to acquit a defendant of a greater offense before considering any lesser-included offenses is improper. *See State v. Ross,* 66 Or App 504, 674 P2d 85 (1984); *State v. Martin,* 64 Or App 469, 668 P2d 479 (1983); *State v. Bird,* 59 Or App 74, 650 P2d 949, *rev den* 294 Or 78 (1982); *State v. Ogden,* 35 Or App 91, 580 P2d 1049 (1978).

The state argues that the instructions, when read as a whole, did not require the jury to find petitioner not guilty of the greater crimes before considering the lesser-included offenses, but merely instructed the jury on how to proceed with the multiple verdict forms. *See State v. Allen, supra,* 301 Or at 40; *State v. Ogden, supra,* 35 Or App at 97. We disagree. The instructions did not merely tell the jurors that they should consider the lesser-included offenses if they could not agree on the greater offenses. Rather, the instructions indicated that the jurors should consider the lesser-included offenses *only* if they did not find petitioner guilty beyond a reasonable doubt. That direction suffers the same flaw as did the direction in *State v. Martin, supra,* 64 Or App at 471, which said that the jury should consider the lesser-included offenses if it found that the state failed to prove beyond a reasonable doubt each of the elements of the offense charged. As we explained in *Martin,* the instruction required the jury to reach a decision on the crime charged before considering lesser-included offenses. That was error.[2]

■ The second question is whether trial counsel's failure

---

[2] The Uniform Jury Instructions now include an instruction that gives a jury some guidance in dealing with multiple verdict forms.

"When you deliberate you should first consider the charged offense and, if you cannot reach a verdict on the charged offense, then you should consider the lesser included offense." UCrJI 1009.

to object to the erroneous instruction constituted ineffective assistance of counsel. In *Krummacher v. Gierloff,* 290 Or 867, 627 P2d 458 (1981), the Supreme Court recognized that "the standard of performance constitutionally required of counsel must necessarily be general and that a degree of subjectivity in application cannot be avoided." 290 Or at 875. By the time petitioner's case came to trial, the question of instructions for lesser-included offenses had been settled for three years. Effective counsel would have been aware of the proper instructions and would have excepted to the instructions given in this case. Trial counsel's lack of awareness of controlling precedent and his failure to except demonstrates a failure to use the professional skill that is required for a constitutionally adequate defense.

Affirmed on appeal; cross-appeal dismissed as moot.