Argued and submitted October 27, 1986, reversed and remanded January 27, reconsideration denied April 10, petition for review denied May 5, 1987 (303 Or 370)

## STEVEN MICHAEL PERKINS,
*Appellant,*

*v.*

## KEENEY,
*Respondent.*

## (153,255; CA A39830)

731 P2d 1047

George Eder, Salem, argued the cause for appellant. With him on the brief were Swaim, Betterton and Eder, Salem.

David Kramer, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, Virginia Linder, Solicitor General, and Scott McAlister, Assistant Attorney General, Salem.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

PER CURIAM

## PER CURIAM

█ █    Petitioner seeks review of a trial court judgment dismissing his petition for post-conviction relief. He contends that the post-conviction court erred in determining that he had not been denied effective assistance of counsel when his trial counsel in the underlying case failed to object to the trial court's instruction regarding lesser included offenses.

The trial court instructed the jury:

"Now if you find that the defendant is not guilty of Murder under either theory, you should consider whether the defendant is guilty of Manslaughter in the First Degree.

"* * * * *

"Now, in respect to that charge, if you reach that point, that is if you find defendant not guilty of Murder, why, then you move to Manslaughter in the First Degree."

That instruction required the jury to find petitioner not guilty of the greater offense before considering the lesser-included offense. That was error. *State v. Ogden,* 35 Or App 91, 580 P2d 1049 (1978). The rule of law stated in *Ogden* was announced three years before petitioner's trial. Therefore, petitioner's counsel's failure to object to the instruction amounted to ineffective assistance of counsel. *Peaslee v. Keeney,* 81 Or App 488, 492, 726 P2d 398 (1986), *rev den* 302 Or 571 (1987); *see also State v. Allen,* 301 Or 35, 38, 715 P2d 94 (1986).

Reversed and remanded.