Argued and submitted December 20, 1991, affirmed July 22, reconsideration denied
September 2, petition for review denied September 29, 1992 (314 Or 391)

ROCKY J. GRIFFIN,
*Appellant,*

*v.*

R. L. WRIGHT,
*Respondent.*

(CV89-712; CA A68556)

834 P2d 534

Henry M. Silberblatt, Portland, argued the cause and filed the brief for appellant.

Janet A. Klapstein, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Teresa McKee, Certified Law Student, Salem.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Petitioner appeals the dismissal of his petition for post-conviction relief. He alleged that his various attorneys did not give him adequate advice about an appeal and did not perfect his appeal. He sought a delayed appeal. The post-conviction court held that petitioner's failure to file an appeal was due to his own lack of diligence. We affirm, but for a different reason.

In a post-conviction proceeding, a petitioner alleging inadequate assistance of counsel has the burden to show, by a preponderance of the evidence, that his counsel's performance was constitutionally deficient *and* that the deficiency caused prejudice. *Yeager v. Maass*, 93 Or App 561, 763 P2d 184 (1988), *rev den* 307 Or 340 (1989). In other words, petitioner must show that, had an appeal been timely filed, he would have prevailed.

Petitioner argues that the court in his criminal trial gave an "acquittal first" instruction, which was reversible error. *See State v. Allen*, 301 Or 35, 717 P2d 1178 (1986); *State v. Ogden*, 35 Or App 91, 580 P2d 1049 (1978). The post-conviction court concluded that the instruction was in error and that petitioner would likely have been allowed a new trial had there been a timely appeal. The court, however, concluded that he was not entitled to a delayed appeal.

The challenged instruction was:

> "When you deliberate you should first consider the charged offense. If you find the defendant not guilty on the charged offense or if you cannot agree on a verdict on the charged offense, then you should consider the lesser included offense."

That is not an erroneous "acquittal first" instruction. It is the instruction upheld by the court in *State v. Allen, supra.* As a matter of law, petitioner would not have prevailed on that issue had an appeal been filed and prosecuted. He was not prejudiced by the failure of his various counsel to take an appeal.

Affirmed.