Argued and submitte. September 11, 1992, affirmed August 18, reconsideration denied December 1, 1993, petition for review denied February 1, 1994 (318 Or 350)

## TIMOTHY LAMAR AIKENS,
*Respondent,*

*v.*

## Manfred (Fred) MAASS,
## Superintendent,
## Oregon State Penitentiary,
*Appellant.*

## (90C-11868; CA A72377)

858 P2d 148

Janet A. Metcalf, Assistant Attorney General, Salem, argued the cause for appellant. With her on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

David B. Kuhns, Salem, argued the cause and filed the brief for respondent.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

DEITS, J.

## DEITS, J.

The state appeals an order granting petitioner's petition for post-conviction relief. The post-conviction court granted relief based on petitioner's trial counsel's failure to take exception to jury instructions that petitioner contends were "acquittal-first" instructions. We affirm.

Petitioner was convicted of three counts of aggravated murder, ORS 163.095, first degree arson, ORS 164.325, and abuse of corpse. ORS 166.085. An appeal was taken, and his convictions were affirmed from the bench. *State v. Aikens*, 101 Or App 120, 790 P2d 1217, *rev den* 310 Or 121 (1990). Petitioner's convictions stem from his participation in the murder of Candice Straub in 1987. The facts of the underlying case are set out in the decision in the co-defendant's case. *State v. Montez*, 309 Or 564, 789 P2d 1352 (1990). After his unsuccessful direct appeals, petitioner brought a post-conviction challenge raising a number of claims about the adequacy of his representation by counsel at trial and on appeal. The post-conviction court granted petitioner a new trial on his aggravated murder convictions, because petitioner's trial counsel failed to object to "acquittal-first" jury instructions.[1] The state appeals.

Three instructions are at issue in this case. The trial court gave the first, which was taken almost verbatim from defense counsel's requested instruction, after giving general instructions about how to view evidence, reading the indictment and explaining the different mental states. It then prefaced the instruction with an explanation that it wanted to give some background information on underlying predicate offenses and lesser included offenses:

"Underlying predicate offenses are those crimes, in addition to murder, which form the basis of an Aggravated Murder charge. Proof beyond a reasonable doubt of both an underlying predicate offense and murder is required before you may consider the charge of Aggravated Murder. *However, if*

---

[1] No lesser included offenses were submitted to the jury on the arson and abuse of corpse charges. Therefore, the validity of those convictions was not affected by the order of the post-conviction court and is not affected by the disposition of this appeal. *State v. Velasco*, 76 Or App 518, 520, 709 P2d 760 (1985), *rev den* 300 Or 506 (1986). We address only the post-conviction court's disposition of petitioner's convictions for aggravated murder.

*or in the course of your deliberations you conclude that the State has not proven every element of Aggravated Murder beyond a reasonable doubt, you may consider finding the defendant guilty of a lesser included offense*[.]" (Emphasis supplied.)

The second instruction was given after the instructions on the elements of aggravated murder/concealment and its predicate offenses:

"When you consider this charge and the other charges where there are lesser included offenses, start with the underlying crime, that is the one charged in the Indictment. *If under all of these instructions and the verdict form you do not find unanimously and beyond a reasonable doubt that [petitioner] is guilty of that charge, then you should consider the possible lesser included offenses.*" (Emphasis supplied.)

Finally, after handing out verdict forms and telling the jury to first consider the principal crime, the court instructed the jury:

"If you do not find [petitioner] guilty of that charge, you then may consider the lesser included charges[.]"

Petitioner's trial counsel did not object to any of the above instructions.

■    Post-conviction relief must be granted when a petitioner establishes

"[a] substantial denial in the proceedings resulting in petitioner's conviction * * * of petitioner's rights under the Constitution of the United States, or under the Constitution of the State of Oregon, or both, and which denial rendered the conviction void." ORS 138.530(1)(a).

In the context of a request for relief based upon a claim of inadequate assistance of counsel, a petitioner must demonstrate, by a preponderance of the evidence, ORS 138.620(2), that "his counsel's performance was constitutionally deficient *and* that the deficiency caused prejudice." *Griffin v. Wright*, 114 Or App 259, 261, 834 P2d 534, *rev den* 314 Or 391 (1992). (Emphasis in original.) Prejudice occurs when an act or omission by counsel can be shown to have a tendency to affect the result of the prosecution. *Trujillo v. Maass*, 312 Or 431, 435, 822 P2d 703 (1991); *Krummacher v. Gierloff*, 290 Or 867, 627 P2d 458 (1981).

The state acknowledges that the first instruction at issue may be read as an impermissible "acquittal-first" instruction. *State v. Allen*, 301 Or 35, 717 P2d 1178 (1986); *State v. Bird*, 59 Or App 74, 650 P2d 949, *rev den* 294 Or 78 (1982); *State v. Ogden*, 35 Or App 91, 580 P2d 1049 (1978). However, it contends that the second and third instructions are not acquittal-first instructions. We agree that the first instruction was impermissible, because it required the jury to acquit defendant of the greater offense before it could consider the lesser included offenses.

The state argues that the latter two instructions were not acquittal-first instructions because they "told the jurors that they could consider lesser included offenses *unless they found petitioner guilty* on the greater offense, and that cannot be error." We have considered similar instructions in a number of previous cases. In *Peaslee v. Keeney*, 81 Or App 488, 490, 726 P2d 398 (1986), *rev den* 302 Or 571 (1987), we held that the trial court's instruction was an impermissible acquittal-first instruction:

> "[Y]ou're advised that if you're not satisfied beyond a reasonable doubt that the defendant is guilty of the specific crime or offense charged in the indictment, you may, however, find him guilty of any lesser offense."

We explained:

> "[T]he instructions indicated that the jurors should consider the lesser-included offenses *only* if they did not find petitioner guilty beyond a reasonable doubt. * * * [T]he instruction required the jury to reach a decision on the crime charged before considering lesser-included offenses. That was error." 81 Or App at 491. (Emphasis in original; footnote omitted.)

Similarly, in *State v. Martin*, 64 Or App 469, 471, 668 P2d 479 (1983), we held that the following instruction constituted error:

> "[I]f you find that the State has failed to prove beyond a reasonable doubt each of the elements of [the principal offense] as I have given them to you, you may consider whether the State has proven all the material elements of [the lesser included offense]."

In *Jack v. Maass*, 97 Or App 555, 557, 776 P2d 593 (1989), the instruction found to be impermissible stated:

> "If you have a reasonable doubt that the defendant is guilty of [the principal offense], you should consider whether the defendant is guilty of [the lesser included offense]."

Also, in *Tarwater v. Cupp*, 304 Or 639, 642, 748 P2d 125 (1988), the Supreme Court determined that the following instruction was improper, because it allowed the jury to consider lesser offenses only after it was not satisfied that the defendant had committed the crime charged:

> "[Y]ou have the right to determine in that Count that the defendant has committed a crime of lesser degree, provided that you are not satisfied beyond a reasonable doubt that he has committed the crime as charged[.]"

The state attempts to draw a distinction between the instructions in *Tarwater* and the earlier cases and the instructions here. The state contends that the critical language in *Tarwater*, "[if] you are not satisfied beyond a reasonable doubt that [the defendant] has committed the crime as charged," must be read to mean that the jury had to first acquit the defendant of the principal charge, whereas the critical language here, "[if you do] not find [petitioner] guilty" allows the jury to acquit *or* to not reach any decision. We think that that distinction is too subtle. The instructions here suffered from the same defect that the majority in *Tarwater* based its decision on: They failed to make clear to the jury that it did not have to acquit defendant on the principal charge before considering the lesser offenses; they did not clearly instruct the jury that it could consider lesser offenses even if it reached no agreement on the principal charge. Based on the above precedents, we conclude that the latter two instructions in this case were impermissible acquittal first-instructions.

The state argues that, even if some of the instructions were impermissible acquittal-first instructions, when all of the court's instructions are considered as a whole one may conclude that the jury was properly instructed that it could consider lesser-included offenses without reaching verdicts on the principal charges. The state's argument is based, in part, on the premise that the latter two instructions were

not acquittal-first instructions. We have rejected that premise. The state also relies, however, on the trial court's instructions regarding the verdict forms. Each of the three counts of aggravated murder had a corresponding verdict form that listed the principal offense and the lesser-included offenses next to the required vote to convict. In explaining the verdict forms, the trial court told the jury that it should begin its deliberations on each count with the principal offense and that, to convict, the vote had to be unanimous. It then explained that "anything less than 12-0" meant "you cannot agree." The court also told the jurors that their vote "would have to be 12-0 if there is a finding of guilty [of aggravated murder]. If there is not, then consider the lesser included crimes[.]"

Although the trial court's instructions on the verdict forms were proper, we conclude that they were not sufficient to remove the taint of the earlier acquittal-first instructions. Moreover, the third acquittal-first instruction was given just after the jury was handed the verdict forms. The court stated at that time:

"If you do not find [petitioner] guilty of that charge, you then may consider the lesser included charges[.]"

We conclude, therefore, that the instructions viewed as a whole did not correctly instruct the jury. *See Peaslee v. Keeney, supra*, 81 Or App at 491.

The state next argues that, even if the instructions were improper, the fact that they were given is not enough, in itself, to warrant granting petitioner post-conviction relief. As discussed above, the burden is on petitioner to show, by a preponderance of the evidence, facts that demonstrate that trial counsel failed to exercise reasonable skill and judgment and that petitioner suffered prejudice as a result. *Trujillo v. Maass, supra*, 312 Or at 435. Adequate counsel is required to "investigate the facts and prepare himself on the law to the extent appropriate to the nature and complexity of the case." *Krummacher v. Gierloff, supra*, 290 Or at 875. In *Perkins v. Keeney*, 83 Or App 318, 319, 731 P2d 1047, *rev den* 303 Or 370 (1987), we held that the petitioner's trial counsel was constitutionally inadequate for failing to object to acquittal-first instructions, given that *State v. Ogden, supra*, had been

decided three years before. We reached the same conclusion in *Peaslee v. Keeney, supra,* stating:

> "By the time petitioner's case came to trial, the question of instructions for lesser-included offenses had been settled for three years. Effective counsel would have been aware of the proper instructions and would have excepted to the instructions given in this case. Trial counsel's lack of awareness of controlling precedent and his failure to except demonstrates a *failure to use the professional skill that is required for a constitutionally adequate defense.*" 81 Or App at 492. (Emphasis supplied.) *See also Jack v. Maass, supra; but see Allbee v. Keeney,* 78 Or App 19, 714 P2d 1058, *rev den* 301 Or 78 (1986).

The same analysis is applicable here. Trial counsel should have known of the inherent flaw in acquittal-first instructions, given 10 years of *Ogden* progeny. We conclude that petitioner met his burden to show that he suffered prejudice as a result of trial counsel's lack of professional skill and judgment.

The state argues that trial counsel's request for the first instruction and its failure to object to the other two instructions may well have been a tactical decision that we should not second guess. However, we have already determined that the instructions were prejudicial error. In the absence of *any* indication in the record that trial counsel requested or allowed acquittal-first instructions as a tactical maneuver, we cannot assess the wisdom and adequacy of such tactics under these particular circumstances, nor will we speculate that that was the case. We conclude that trial counsel's request of one improper instruction and failure to except to two others constituted constitutionally inadequate assistance of counsel. The post-conviction court did not err in granting petitioner's request for relief by reversing the aggravated murder convictions and granting a new trial.

Affirmed.