Argued and submitted November 14, 2000, reversed and remanded with instructions to enter judgment granting post-conviction relief on kidnapping and sodomy convictions (counts 4, 5, 6, 7, and 10); otherwise affirmed January 17, 2001

## TRACEY ESKEL BOGLE,
*Appellant,*

*v.*

## Nicholas ARMENAKIS,
Superintendent,
Oregon State Correctional Institution,
*Respondent.*

## (97C-10766; CA A102946)

18 P3d 390

Eric M. Cumfer argued the cause and filed the brief for appellant.

Daniel J. Casey, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Landau, Presiding Judge, and Armstrong and Brewer, Judges.

BREWER, J.

**BREWER, J.**

Petitioner appeals from a judgment denying his petition for post-conviction relief. Petitioner asserts, among other things, that his trial counsel's failure to object to jury instructions for first-degree sodomy, ORS 163.405, and four counts of first-degree kidnapping, ORS 163.235, amounted to inadequate assistance of counsel in violation of Article I, section 11, of the Oregon Constitution, and the Sixth Amendment to the United States Constitution. We review for errors of law, ORS 138.220, reverse in part, and otherwise affirm.

Petitioner's prosecution arose from an episode that occurred on July 1, 1993, when petitioner and his brother attacked David Fijalka and Sandra Jackson in their home. Petitioner was indicted, tried to a jury, and convicted on 12 separate criminal charges arising from the incident.[1] In order to frame the issues on appeal, we summarize the relevant trial testimony of the victims, Jackson and Fijalka.

Petitioner and his brother came to the victims' residence, apparently angry about a business deal with Fijalka that had not been consummated. After Fijalka let the brothers in, petitioner hit him with a handgun and then fired the gun at a stereo. Jackson lay down on the floor. Petitioner's brother handcuffed Jackson and tied up Fijalka with an extension cord. Petitioner's brother took about $500 from Jackson's wallet, then beat Fijalka and Jackson with the handgun. Petitioner and his brother kicked and hit Jackson. Jackson attempted to escape from the house, but the brothers caught her. Petitioner's brother tried to get Fijalka to sign over the title to a motor home and knocked him unconscious when he refused. The brothers demanded Jackson's car keys, which she surrendered.

Jackson testified that petitioner's brother threatened to cut her with a butcher knife if she failed to follow his directions. Petitioner's brother stabbed at Fijalka's feet with the knife, then told Jackson to straddle Fijalka, wake him, and have sex with him. Neither Jackson nor the brothers

---

[1] Petitioner and his brother were tried as codefendants for their respective roles in the incident.

could wake Fijalka. Petitioner ordered Jackson into the bedroom, where he forced her to perform oral sex. Afterward, petitioner's brother gagged and tied her. Eventually, Jackson feigned loss of consciousness, despite a threat from petitioner to "blow off [Jackson's] kneecap." Eventually, the brothers left in Jackson's vehicle. Jackson's car broke down in California, where police arrested the brothers.

The jury convicted petitioner of four counts of kidnapping the victims.[2] ORS 163.235. Petitioner also was convicted of first-degree burglary, ORS 164.225; two counts of first-degree robbery, ORS 164.415; two counts of second-degree assault, ORS 163.175; and a single charge of first-degree sodomy, ORS 163.405. All of the foregoing convictions were enhanced for sentencing purposes because of the use of a firearm, ORS 161.610. Finally, petitioner was convicted of single counts of unauthorized use of a vehicle and felon in possession of a firearm. The trial court sentenced petitioner consecutively to a departure term of imprisonment of 132 months for the primary offense of kidnapping Jackson by moving her (count 4), 60 months for kidnapping Jackson by confinement (count 5), and 34 months for sodomy (count 10), for a total of 226 months. The remaining convictions were sentenced concurrently.

On direct appeal, this court affirmed petitioner's convictions without opinion. *State v. Bogle*, 141 Or App 137, 917 P2d 1076, *rev den* 324 Or 488 (1996). Petitioner then filed this petition for post-conviction relief, alleging inadequate assistance of counsel in several respects. Among them, petitioner alleged that his trial attorney failed to except to jury instructions that (1) did not distinguish between the different factual theories of first-degree kidnapping set forth in the indictment and (2) failed to specify any culpable mental state for first-degree sodomy. The post-conviction court denied relief after trial. On appeal, petitioner assigns error to the court's decision on several grounds, but only the two grounds mentioned above require discussion.

---

[2] Petitioner was charged with kidnapping: Jackson by moving her with the purpose of causing physical injury (count 4); Jackson by confinement with the purpose of terrorizing her (count 5); Fijalka by confinement with the purpose of causing physical injury (count 6); and Fijalka by confinement with the purpose of terrorizing him (count 7).

■      We begin with petitioner's claims under the Oregon Constitution. To demonstrate inadequate assistance of counsel under Article I, section 11, petitioner must prove by a preponderance of the evidence that counsel failed to exercise reasonable professional skill and judgment and that petitioner suffered prejudice as a result. *Trujillo v. Maass*, 312 Or 431, 435, 822 P2d 703 (1991); *Johnson v. Zenon*, 151 Or App 349, 353, 948 P2d 767 (1997), *rev den* 326 Or 530 (1998).

■      Petitioner first argues that counsel should have excepted to the jury instructions because they did not adequately segregate and identify the elements of kidnapping for each of the four counts charged in the indictment. The court instructed the jury, in part, that:

> "In this case, to establish the crime of kidnapping in the first degree, the state must prove beyond a reasonable doubt the following five elements: * * * three, [petitioner], acting without consent or legal authority, took the other person from one place to another, *or* secretly confined the other person in a place where the other person was not likely to be found; four, [petitioner] had the intent to interfere substantially with Sandra Jackson's *or* David Fijalka's personal liberty; and five, [petitioner] acted with the following purpose: To cause physical injury to Sandra Jackson *or* to terrorize Sandra Jackson or David Fijalka."[3] (Emphasis added.)

Petitioner asserts that the court's use of "or" italicized above created an improper instruction under *State v. Boots*, 308 Or

---

[3] ORS 163.235 provides, in part:

"(1) A person commits the crime of kidnapping in the first degree if the person violates ORS 163.225 with any of the following purposes:

"(a) To compel any person to pay or deliver money or property as ransom; or

"(b) To hold the victim as a shield or hostage; or

"(c) To cause physical injury to the victim; or

"(d) To terrorize the victim or another person."

ORS 163.225(1) provides that a person commits kidnapping

"if, with intent to interfere substantially with another's personal liberty, and without consent or legal authority, the person:

"(a) Takes the person from one place to another; or

"(b) Secretly confines the person in a place where the person is not likely to be found."

371, 780 P2d 725 (1989). Petitioner asserts that adequate counsel would have objected to the combined instruction and requested instructions that separately identified the elements for each charge. Petitioner argues that under the instruction given,

> "[s]ome jurors could have believed [petitioner] secretly confined either Jackson or Fijalka while others believed that [petitioner] took either Jackson or Fijalka from one place to another. [Petitioner] was not charged with kidnapping Fijalka by movement, but the instruction permitted the jury to convict him under that theory of guilt. Under this instruction, some jurors could have believed [petitioner] acted with a purpose to terrorize while others believed he acted with the purpose to cause physical injury. Even though no 10 jurors might have believed [petitioner] was guilty of any of the counts as charged—indeed[,] even if the jurors settled on a theory of guilt which was not even charged—the jury could have convicted [petitioner] of four counts of kidnapping."

Therefore, petitioner argues, the instruction was erroneous and counsel was inadequate in failing to object to it.

In *Boots*, the Supreme Court considered a jury instruction that allowed the jury to convict the defendant of aggravated murder without having to agree on which alternative aggravating element of the crime had been proved. The court rejected our reasoning in *State v. Hazelett*, 8 Or App 44, 492 P2d 501 (1972), a case that approved such an instruction. The Supreme Court said:

> "What led the *Hazelett* court astray was the simple error of counting and adding those jurors who are convinced of any one distinct statutory element rather than focusing, for each element, on the jurors who may not be convinced of that element, though they separately might convict on their own, equally nonunanimous, view of the decisive facts. * * * [T]he proper focus [is] the possible dissent of some jurors from any one factual finding * * *." *Boots*, 308 Or at 381.

In this case, petitioner asserts that the instructions impermissibly allowed the jury to convict him of offenses that were not charged by selecting, without guidance, among the "or"

alternatives in the instruction. In addition, petitioner contends that the instruction permitted fewer than ten jurors to convict him on each charge, because the jury was not required to find that each element of each count was proved. In other words, although ten or more jurors might vote to convict on each count, the instruction did not require them to agree that the same elements were proved on a given count.

■ Defendant responds first that petitioner may not raise the issue of the jury instructions in a post-conviction proceeding, because he already challenged the jury instructions on direct appeal and lost. *See Palmer v. State of Oregon*, 318 Or 352, 867 P2d 1368 (1994). In *Palmer*, the Supreme Court held:

> "The issue in this case is whether a petitioner may assert as a ground for post-conviction relief an issue that was not raised at trial in the underlying criminal proceeding, when the petitioner reasonably could have been expected to raise that issue in the trial court and *when the petitioner does not assert that the failure to raise that issue constituted inadequate assistance of trial counsel.* We hold that a petitioner may not assert such an issue as a ground for post-conviction relief." *Id.* at 354 (emphasis added).

Where, as here, petitioner asserts inadequate assistance in counsel's *failure to object* to a trial court error, *Palmer* is not a bar to post-conviction relief. *See Britton v. Slater*, 165 Or App 46, 49, 994 P2d 1203 (2000); *Davis v. Armenakis*, 151 Or App 66, 68 n 1, 948 P2d 327 (1997), *rev den* 327 Or 83 (1998).

■ On the merits, the procedural posture of *Boots* differs from the circumstances here in one respect. In *Boots*, the trial court instructed the jury that it did not matter which aggravating factor it found was proved in order to convict the defendant. In other words, the court *affirmatively* instructed the jury in violation of the unanimity requirement. Here, on the other hand, the trial court did not instruct the jury that it did not matter which facts it found to convict petitioner of any particular kidnapping charge. However, the effect of the court's instruction, in the context of this case, created the same problem found in *Boots*. Significantly, the jury was

*never* advised of the specific charges contained in the indictment. The trial court did not read the charges from the indictment to the jury at any time[4] and, of course, the indictment was not available to the jury during deliberations. The jury was thus left to decide, on its own, which conduct constituted kidnapping under each of the four counts. Individual jurors could easily have relied on different facts to convict defendant on any given count, or they may have convicted petitioner based on factual combinations that were not charged in the indictment. As in *Boots*, the instruction violated the concurrence requirement because it did not inform the jurors of the facts on which they must agree by the requisite number in order to convict petitioner of any of the four charges.[5] Especially in light of the fact that the jury was not otherwise informed of the specific elements of each charge, counsel did not exercise reasonable professional skill and judgment in failing to object to the instruction.

■ ■  Defendant responds that, even if the combined instruction was erroneous, defense counsel may have decided not to object as a tactical matter. If counsel exercised reasonable professional judgment in deciding not to object to the instruction, we will not second-guess counsel's tactical decision. *Krummacher v. Gierloff*, 290 Or 867, 875, 627 P2d 458 (1981); *Harrington v. Johnson*, 165 Or App 755, 765, 997 P2d

---

[1] During *voir dire*, the court merely told the jury that petitioner was charged with "four counts of kidnapping in the first degree with a firearm."

[5] The Supreme Court recently came to a similar conclusion in *State v. Lotches*, 331 Or 455, 17 P3d 1045 (2000). In *Lotches*, the defendant was convicted of three counts of aggravated murder. Each count required for conviction the commission of a different underlying felony. The jury instructions, however, did not identify for the jury the victim or attendant circumstances applicable to each of those underlying felonies or in any way ensure jury unanimity concerning those issues. The court held that the instructions were erroneous:

"It is true that *Boots* is distinguishable factually, because the trial court in the present case did not instruct the jurors expressly that they could convict defendant in the absence of unanimity respecting which underlying felonies defendant had committed. However, because the aggravated murder instructions that were given did not either limit the jury's consideration to a specified underlying felony or require jury unanimity concerning a choice among alternative felonies, each instruction carried the same danger that this court had condemned in *Boots*. We can perceive [ ] no reasonable basis for refusing to apply the rule of *Boots* to the present case. As a legal matter, the jury instructions were erroneous." *Id*. at 469.

283, *rev den* 331 Or 334 (2000). Defendant argues that counsel may have refrained from objecting to the kidnapping instruction in the belief that multiple iterations of the instruction, varying slightly with each count, would unduly emphasize the kidnapping charge to the jury. Counsel argued to the jury in closing that the state's case depended largely upon the victims' accounts and that, in fact, the attack had been perpetrated by two of Fijalka's other business associates. Further, counsel argued that even if the jury chose to believe that petitioner and his brother robbed Jackson and Fijalka, it should nevertheless disbelieve the victims' accounts with regard to the kidnapping and sodomy charges. Accordingly, defendant suggests that counsel may have decided that repetitious instructions on four counts of kidnapping would divert attention from his theory of the case. That suggestion, however, is purely speculative.

In *Aikens v. Maass*, 122 Or App 321, 327, 858 P2d 148 (1993), *rev den* 318 Or 350 (1994), the petitioner's trial attorney failed to object to an impermissible "acquittal-first" jury instruction. The post-conviction trial court granted relief, and the state appealed, arguing that the decision not to object might have been tactical. We affirmed.

> "In the absence of *any* indication in the record that trial counsel requested or allowed acquittal-first instructions as a tactical maneuver, we cannot assess the wisdom and adequacy of such tactics under these particular circumstances, nor will we speculate that that was the case." *Id.* at 328 (emphasis in original).

Likewise, in *Aquino v. Baldwin*, 163 Or App 452, 460, 991 P2d 41 (1999), *adhered to* 169 Or App 464, 12 P3d 51 (2000), we rejected the state's "tactical decision" argument where "nothing in the record of the underlying trial or in trial counsel's testimony in the post-conviction proceeding suggest[ed] that counsel made a 'tactical decision.'" In this case, as in *Aikens* and *Aquino*, there is no evidence indicating the motivation for counsel's silence in the face of the erroneous kidnapping instruction. We cannot say, on this record, that counsel's silence was a reasonable tactical decision. Accordingly, we conclude that counsel did not exercise reasonable professional skill and judgment in failing to object to the kidnapping instruction.

■ Furthermore, petitioner asserts that he was prejudiced as a result of counsel's omission. Prejudice may be found in "only those acts or omissions by counsel [that] have a tendency to affect the result of the prosecution." *Krummacher*, 290 Or at 883. Petitioner asserts that counsel's failure to object had a tendency to affect the result of the trial by allowing the jury to convict him without agreeing on the elements of the offense charged in each count. *See Boots*, 308 Or at 381.

■ The Supreme Court has identified two circumstances in which a material instruction that is erroneous is not harmful to the defendant. First, if the error is cured by another instruction, no prejudice results. *See State v. Williams*, 313 Or 19, 38, 828 P2d 1006 (1992) (holding that, for an instruction to constitute reversible error, it must have prejudiced the accused when the instructions are viewed as a whole). Second, if the court can ascertain that the jury properly found the necessary facts despite misinstruction, no prejudice results. *See State v. Rose*, 311 Or 274, 810 P2d 839 (1991) (concluding that no prejudice resulted from an erroneous instruction where the jury completed a special verdict form and jurors individually answered post-verdict questions confirming correct factfinding). Defendant argues that the court's general instruction to the jury that "ten or more must agree on each of your verdicts on each count," cured any error in the kidnapping instruction. We disagree. The general instruction did not inform the jury which facts it must agree on in order to convict petitioner of any of the charges. Nor is there any evidence that the jury found the necessary facts to convict petitioner of any of the charged offenses. The verdict form referred to each kidnapping count without differentiating among the elements charged for each, and the jurors were not polled as to their findings on the necessary elements. Moreover, as noted, the jury was never advised of the specific charges contained in the indictment.

The jury did unanimously convict petitioner on all four kidnapping counts. However, without separate instructions on each kidnapping charge, the jury could have decided unanimously to convict petitioner of kidnapping in any combination of six ways *not* alleged in the indictment. The instruction given permitted the jury to convict petitioner of

kidnapping: (1) Jackson by moving her with the purpose of terrorizing Fijalka; (2) Jackson by confining her with the purpose of terrorizing Fijalka; (3) Fijalka by moving him with the purpose of terrorizing Jackson; (4) Fijalka by confining him with the purpose of terrorizing Jackson; (5) Fijalka by moving him with the purpose of terrorizing him; or (6) Jackson by confining her with the purpose to physically injure her. Each of those situations would, if found by the jury, result in a conviction, *even though none of them was alleged in the indictment*. In short, we cannot tell whether *any* of the four convictions was based on the offenses alleged in the indictment. Because that uncertainty "had a tendency" to affect the prosecution, petitioner established prejudice. *See State v. Thiehoff*, 169 Or App 630, 10 P3d 322 (2000) (remanding for resentencing where "[g]iven the jury's general verdict, we have no way of knowing" whether jury properly found aggravating facts or followed erroneous instruction). Therefore, he is entitled to relief from the kidnapping convictions.

■ Petitioner also asserts that counsel was inadequate in failing to object to the trial court's failure to instruct on the required mental state for a sodomy conviction. The court instructed the jury that

"[t]he following definitions apply to [ ] sodomy in the first degree. [Deviate] sexual intercourse. Sexual conduct between persons consisting of a contact between the sex organs of one person and the mouth or anus of another.

"Forcible compulsion. Either physical force that overcomes earnest resistance or a threat, express or implied, that places a * * * person in fear of immediate or future death or physical injury to self or another person will immediately or in the future be kidnapped.

"Oregon law provides that a person who causes another to engage in [deviate] sexual intercourse with another person commits the crime of sodomy in the first degree if the victim is subjected to forcible compulsion by the defendant.

"In this case, to establish the crime of sodomy in the first degree, the State must prove beyond a reasonable doubt the following four elements: * * * three, that [petitioner] caused Sandra Jackson to engage in [deviate] sexual intercourse; and four, that Sandra Jackson was subjected to [forcible] compulsion by petitioner."

Petitioner argues that the indictment pleaded that petitioner "knowingly" engaged in deviate sexual intercourse with Jackson, but that the instruction omitted "knowingly."

Defendant responds by citing *State v. Dilts*, 28 Or App 393, 559 P2d 1326 (1977), for the proposition that sodomy requires conduct that is "intentional," a more culpable mental state than "knowingly." Defendant appears to argue that, because petitioner and the indictment may have framed incorrectly the requisite mental state, we may not recognize an error in the failure to instruct on *any* mental state. That premise is factually incorrect. Petitioner argues that the sodomy instruction included "no mental state at all." In the absence of a carefully considered tactical reason, no competent counsel would fail to except to the omission of a jury instruction concerning the required mental state for a sodomy conviction. *See State v. Brown*, 310 Or 347, 355-56, 800 P2d 259 (1990). Defendant neither asserts nor was there any evidence that counsel's failure to object to the omission of a mental state instruction was a tactical decision. Therefore, petitioner has demonstrated that trial counsel exhibited a lack of reasonable skill and judgment.

In addition, petitioner established prejudice. A jury instruction omitting an essential element has an inherent tendency to affect the result of a prosecution, because it permits the jury to convict without requiring the state to prove the defendant's guilt of the charged offense. *Id.* Although the indictment charged petitioner with "knowingly" engaging in deviate sexual intercourse, the record does not disclose that the trial court either read the indictment to the jury or otherwise informed the jury that the state must establish petitioner's mental state in order to permit a conviction for sodomy.[6] Counsel's failure to object allowed the jury to convict

---

[6] We note that the trial court's instructions on the sodomy charge included an instruction on the element of forcible compulsion. Defendant does not argue that the forcible compulsion instruction satisfied the requirement of instructing on the requisite mental state for a sodomy conviction. Because it does not directly implicate the proper construction of a relevant statute, we decline to consider *sua sponte* a possible rationale for affirming the trial court's decision that the parties have neither raised nor developed. *See State v. Pamperien*, 156 Or App 153, 159, 967 P2d 503 (1998) (holding that appellate courts ordinarily address only arguments raised by the parties unless the proper construction of relevant statutes requires them to do otherwise).

petitioner without finding an essential element of the charged offense, which had a tendency to affect the outcome of the prosecution.

We conclude that the post-conviction court erred in dismissing petitioner's claims of inadequate assistance of counsel with regard to the conflated kidnapping instruction and the incomplete sodomy instruction.[7] Therefore, the court erred in denying petitioner post-conviction relief from his kidnapping and sodomy convictions. Petitioner's arguments regarding his remaining convictions do not merit discussion.

Reversed and remanded with instructions to enter judgment granting post-conviction relief on kidnapping and sodomy convictions (counts 4, 5, 6, 7, and 10); otherwise affirmed.

---

[7] Because of our disposition of petitioner's claims under Article I, section 11, we need not address his federal constitutional claims.