Argued and submitted September 22, reversed November 23, 1980

STATE OF OREGON,
*Respondent,*
*v.*
LANCE SCOTT GREENLAW,
*Appellant.*

(No. 37452, CA 17857) ·

618 P2d 1291

John E. Sassor, Dallas, argued the cause and filed the brief for appellant.

James E. Mountain, Jr., Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James M. Brown, Attorney General, John R. McCulloch, Jr., Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

Before Gillette, Presiding Judge, and Roberts and Campbell, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

This is a criminal case in which the defendant was charged with the crime of perjury, ORS 162.065.[1] He was convicted after a trial to the court without a jury, and appeals. His sole assignment of error is the denial of his motion for a judgment of acquittal on the grounds that there was insufficient evidence to convict him of the offense. On the peculiar facts of this case, we agree and reverse.

Defendant's indictment by the Yamhill County Grand Jury stated, in pertinent part, that defendant did,

"* * * on or about the 27th day of March, 1979, * * * having been called as a witness before the Yamhill County Circuit Court in the matter of State of Oregon v. Larry Clifton Stephens, Yamhill County Circuit Court Case Number 36023, did unlawfully make a false sworn statement, substantially as follows, to-wit: by stating that Michael L. Stephens was driving the automobile prior to the time and at the time the automobile was observed by Officer Robert Farrington, on December 31, 1978, by stating that Larry Clifton Stephens was not driving the car prior to the contact by Officer Robert Farrington, on December 31, 1978, said statement having been given in regard to a material issue in said matter and the defendant well knowing said statement to be false, * * *."

The evidence adduced at trial in the present case established that this defendant was called as a witness at a hearing on a motion to suppress filed in a prior proceeding, *viz.,* State v. Larry Clifton Stephens. At that motion to suppress hearing, this defendant testified that Larry Clifton Stephens was not driving a particular automobile at a particular time and place. Other testimony adduced at the present trial establishes that the defendant's testimony at the prior hearing was false. The circumstances under which it was given make it apparent that the falsity was intentional. The only question in this case is whether the defendant's testimony was "material."

---

[1] ORS 162.065 provides:

"(1) A person commits the crime of perjury if he makes a false sworn statement in regard to a material issue, knowing it to be false.

"(2) Perjury is a Class C. felony."

"Materiality" has traditionally been a necessary element in perjury, and it is a necessary element under ORS 162.065. Criminal Law Revision Commission, Proposed Criminal Code: Final Draft and Report, § 182, 183, p 182 (July, 1970). Whether a false statement is "material" in a given factual situation is a question of law. ORS 162.055(2).

The evidence in this case establishes that defendant's false sworn statement was given at a "motion to suppress" hearing prior to trial in the case of State v. Larry Clifton Stephens. The record also discloses that State v. Larry Clifton Stephens was a case in which Stephens was charged with driving while his operator's license was suspended. If the testimony of the defendant here had been given during the *trial* of the prior matter, we would have no difficulty in determining, as a matter of law, that the defendant's testimony was "material," inasmuch as it went to one of the elements of the offense of driving with a suspended operator's license, *viz.,* driving.

However, that is not the case here. Defendant's testimony was elicited at a hearing on a motion to suppress. A copy of that motion to suppress, setting out the issues which were to be decided under it, was not entered in the record in this case. Neither was there any other evidence offered to establish what the issues were at the motion to suppress hearing. Without that information, we are unable to determine—and the trial court was unable to determine—what was "material" and what was not "material" at the prior proceeding. Under these circumstances, defendant's motion for a judgment of acquittal should have been allowed. *See State v. Chapman,* 253 Or 596, 456 P2d 89 (1969).

Reversed.