On respondent's reconsideration filed December 2,
former opinion filed November 3, 1980 (49 Or App 15, 618 P2d 1291)
modified, reversed and remanded January 19, 1981

STATE OF OREGON,
*Respondent,*

*v.*

LANCE SCOTT GREENLAW,
*Appellant.*

(No. 37452, CA 17857)

622 P2d 325

James M. Brown, Attorney General, John R. McCulloch,
Jr., Solicitor General, William F. Gary, Deputy Solicitor
General, and James E. Mountain, Jr., Assistant Attorney
General, Salem, for petition.

Before Gillette, Presiding Judge, and Roberts and
Campbell, Judges.

GILLETTE, P. J.

**GILLETTE, P. J.**

In our prior opinion in this case, *State v. Greenlaw,* 49 Or App 15, 618 P2d 1291 (1980), we reversed defendant's perjury conviction because we found that defendant's false sworn testimony had not been shown by the prosecution to be related to a matter "material" to the hearing at which it was given. The state, pursuant to Rule 10.10, Rules of Appellate Procedure, seeks reconsideration claiming that, rather than reversing defendant's conviction, we should have entered a conviction for the lesser included offense of False Swearing. The state acknowledges that it made no such contention in its brief on direct appeal.

■     The Class C felony of Perjury, with which defendant was charged, is defined by ORS 162.065(1):

"(1)   A person commits the crime of perjury *if he makes a false sworn statement* in regard to a material issue, *knowing it to be false."* (Emphasis supplied.)

False Swearing, a Class A misdemeanor, is defined by ORS 162.075(1):

"(1)   A person commits the crime of false swearing *if he makes a false sworn statement, knowing it to be false."* (Emphasis supplied.)

False Swearing is a lesser included offense in the crime of Perjury. *See State v. Washington,* 273 Or 829, 543 P2d 1058 (1975).

■     Or Const, Amend Art VII, Sec 3 provides, in pertinent part,

"* * * If the Supreme Court shall be of opinion, after consideration of all the matters thus submitted, that the judgment of the court appealed from was such as should have been rendered in the case, such judgment shall be affirmed, notwithstanding any error committed during the trial; *or if, in any respect, the judgment appealed from should be changed, and the Supreme Court shall be of the opinion that it can determine what judgment should have been entered in the court below, it shall direct such judgment to be entered* in the same manner and with like effect as decrees are now entered in equity cases on appeal to the Supreme Court. Provided, that nothing in this section shall be construed to authorize the Supreme Court to find the defendant in a criminal case guilty of an offense for which

a greater penalty is provided than that of which the accused was convicted in the lower court." (Emphasis added).

Pursuant to the constitutional directive, we find that a conviction for the crime of False Swearing should have been entered in this case. Accordingly, the petition for reconsideration is granted, our former opinion is modified, and defendant's conviction is reversed and the case is remanded for entry of a judgment of conviction for False Swearing and for such other proceedings as may be appropriate.

Reversed and remanded.