Argued and submitted October 24, 1983, reversed and
remanded for new trial January 11, 1984

STATE OF OREGON,
*Respondent,*

*v.*

WYARTT EUGENE ROSS,
*Appellant.*

(C82-12-38741; CA A27996)

674 P2d 85

J. Marvin Kuhn, Chief Deputy Public Defender, Salem,
argued the cause for appellant. With him on the brief was
Gary D. Babcock, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem,
argued the cause for respondent. With him on the brief were
Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Richardson, Presiding Judge, and Van Hoomissen
and Newman, Judges.

PER CURIAM

**PER CURIAM**

Defendant appeals his conviction for robbery in the first degree. He assigns as error the trial court's instruction to the jury that it could only consider the lesser included offense of robbery in the second degree if it first found defendant was not guilty of robbery in the first degree. The state confesses error if we find the error was preserved below. *State v. Ogden,* 35 Or App 91, 97, 580 P2d 1049 (1978); *see State v. Martin,* 64 Or App 469, 668 P2d 479 (1983); *State v. Bird,* 59 Or App 74, 79, 650 P2d 949, *rev den* 294 Or 78 (1982). We conclude that the error was preserved.[1]

Reversed and remanded for a new trial.

---

[1] Defendant objected as follows:

"[DEFENSE COUNSEL]: As to the verdicts, Your Honor, I've submitted four verdict forms. You've deleted one of them being Robbery in the Third Degree. I'd ask that my forms or forms very similar be submitted, giving the jury three choices, and without the Court telling them in which order they are to consider them. Merely the Court telling them, you have three verdict forms. You can find the defendant guilty of Robbery in the First Degree. You can find him guilty of Robbery in the Second Degree, or not guilty. You cannot return more than one of those.

"THE COURT: I'm going to instruct them they should consider the Robbery I first, and if they find not guilty on Robbery I, they can consider Robbery II.

"[DEFENSE COUNSEL]: I object to the Court instructing them, the Jury on the procedure they're to use in their deliberations. I think it invades the province of the Jury to the extent my client would be denied his due process rights.

"THE COURT: That's noted."