Argued and submitted September 27, affirmed in part; modified and remanded in part November 14, 1985, State's reconsideration and Allen's reconsideration denied January 24, both petitions for review allowed March 4, 1986 (300 Or 562)
See 301 Or 35 (1986)

# STATE OF OREGON,
*Respondent,*

*v.*

# ROGER SCOTT ALLEN,
*Appellant.*

## (C82-07-36518; CA A28862)

708 P2d 1201

Phillip M. Margolin, Portland, argued the cause and filed the briefs for appellant. With him on the supplemental brief was Roger Scott Allen *pro se.*

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Defendant appeals his convictions for escape in the first degree (Counts IV and V), kidnapping in the first degree (Counts VI and VII) and kidnapping in the second degree (Counts VIII through XI). We have considered all of his assignments of error, only one of which has merit.

With respect to the kidnapping in the first degree counts (VI and VII), the trial court instructed the jury that it could not consider the lesser included offense of kidnapping in the second degree unless it first found defendant not guilty of kidnapping in the first degree. The state concedes that that instruction was error. The question is whether we should reverse the judgment of conviction on those counts and remand for a new trial or whether we should, as the state suggests, modify the convictions on Counts VI and VII to kidnapping in the second degree and remand for resentencing on those counts.

In the past, when such an offending instruction has been given, we have sometimes reversed and remanded for a new trial. *State v. Ogden,* 35 Or App 91, 580 P2d 1049 (1978); *State v. Martin,* 64 Or App 469, 668 P2d 479 (1983); *State v. Bird,* 59 Or App 74, 650 P2d 949, *rev den* 294 Or 78 (1982). Given that the instruction was error, it would not have been prejudicial error if defendant had been convicted of the lesser included offense. As defendant points out, the evil of the instruction is that the jury may have been inhibited from considering the lesser included offense by virtue of the instruction. It would follow, therefore, that, if the instruction had not been given, he might have been convicted of the lesser included offense rather than the greater offense as charged. That is the most that defendant could hope for. Under the circumstances, we perceive no reason why the judgments of conviction should not be modified to convictions on the lesser included charge. *See State v. Greenlaw,* 50 Or App 97, 622 P2d 325 (1981).

Judgments of conviction on Counts VI and VII modified to convictions for kidnapping in the second degree; case

remanded for resentencing on those counts;[1] otherwise affirmed.

---

[1] Defendant, who represented himself for the most part in the trial court, has filed a *pro se* supplemental brief assigning error to the trial court's ordering him to pay $15,000 to cover the costs of fees for the attorney who assisted him during trial, payable at the rate of $200 per month upon defendant's release from custody, without determining whether he would be able to make those payments after his release. That question was not raised in the trial court, and we do not consider it.