Argued and submitted November 13, 1985, reversed and remanded February 5, reconsideration denied April 4, petition for review allowed by opinion May 28, 1986

# STATE OF OREGON,
*Respondent,*

*v.*

# DENNIS CHARLES JOHNSON,
*Appellant.*

(84-640; CA A35297)

714 P2d 240

Jack Bernstein, Gladstone, argued the cause and submitted the brief for appellant.

Jonathan H. Fussner, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were

Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

■    Defendant was convicted of robbery in the first degree, following a jury trial. On appeal he contends that there was insufficient evidence for the trial court to submit the case to the jury and from which a rational jury could convict him.[1]

The victim, Cho, owned a convenience store in West Linn. On the evening of July 13, 1984, Cho saw defendant enter the store through the front door; Cho was standing near the cash register in the middle of the wall at the right of the store. Defendant turned left and walked along the first aisle to the wall opposite the cash register in the corner. From the register, which was almost the store's length away, Cho, in a mirror, observed defendant pull a gray skull mask from his pocket and put it over his face. As defendant raised his arms to don the mask, his jacket rode up and Cho saw two knives underneath the jacket, either in his back pockets or inside the waistband of his pants. Cho testified that he saw approximately two to three inches of the middle of a knife blade.

Defendant then turned the corner and, wearing the mask, walked down the center aisle, approaching Mr. and Mrs. Cho, who were both at the register. When defendant was several paces from the counter, Cho, fearing a robbery, took his wife and left the store. Outside the store, he asked a woman who was in a phone booth to call the police. He continued to observe defendant, who had reached the counter and removed his mask. Defendant was shouting in the store that he wanted to buy cigarettes and Twinkies. Defendant then left without taking anything and sat on the steps outside the door. He began talking to Cho and asked him for a cigarette. By that time defendant had placed the knives on the ground, one on each side of him, and sat smoking the cigarette and talking to himself. That is how the officer found him when he arrived. The officer testified that defendant was very drunk.

A Mr. Anderson testified that he was with defendant earlier that evening and gave him the mask. Anderson noticed that defendant had a knife and asked him why he had it. Anderson testified that defendant said, "I'm going to go up to the store and relieve them of some money." Anderson warned

---

[1] Defendant also argues that there was not sufficient evidence from which the court could find that the knives he possessed were "deadly weapons." We disagree.

him that the store had alarms, and defendant replied, "They wouldn't do anything with a knife to their throat."

Defendant was charged with robbery in the first, second and third degrees. After the state put on its case, defendant moved for a judgment of acquittal on the ground that the state had not proven all the elements of robbery in any degree. The court denied the motion, and defendant assigns the ruling as error.

ORS 164.395(1) provides:

"A person commits the crime of robbery in the third degree if in the course of committing or attempting to commit theft *he uses or threatens the immediate use of physical force* upon another person with the intent of:

"(a) Preventing or overcoming resistance to his taking of the property or to his retention thereof immediately after the taking; or

"(b) Compelling the owner of such property or another person to deliver the property or to engage in other conduct which might aid in the commission of the theft." (Emphasis supplied.)

ORS 164.405 and 164.415, defining robbery in the second and first degrees, incorporate the definition in ORS 164.395 and add additional elements.

■ In ruling on the sufficiency of evidence in a criminal prosecution,

" '* * * the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. * * *' " *State v. Harris,* 288 Or 703, 721, 609 P2d 798 (1980), *quoting Jackson v. Virginia,* 443 US 307, 319, 99 S Ct 2781, 61 L Ed 2d 560 (1979). (Emphasis in original.)

We think a rational jury could have found that defendant attempted to commit theft. We do *not* think that there was any evidence from which a rational jury could find that defendant "use[d] or threaten[ed] the immediate use of physical force."

The state argues that defendant's "revealing to Mr. Cho" his two knives and approaching him with a mask on constituted a threat to use force. We might agree if there were

any evidence that defendant *intentionally* revealed his weapons to Cho; however, the evidence points otherwise. Defendant went to the opposite end of the store from Cho to put on his mask, in the course of which a small portion of his knives were revealed. Cho had to look in a mirror to see defendant at all, and it appears from defendant's behavior that he did not intend to be observed. Defendant did not say anything to Cho while Cho was in the store. Neither did he do anything which can reasonably be interpreted to be a threat of the immediate use of physical force. We cannot say that a rational jury could find that defendant's unintentionally revealing his knives and then approaching the Chos wearing a mask constitutes a threat of immediate use of physical force. A jury could not rationally convict defendant of robbery in the first degree.

■    The state requests that, rather than reverse the conviction outright, we order a conviction entered for attempted robbery in the first degree. Or Const, Art VII (Amended), § 3; ORS 19.130(1); *State v. Meyers,* 76 Or App 420, 709 P2d 253 (1985). The trial court instructed the jury on that offense. ORS 161.405(1) defines attempt as "intentionally engag[ing] in conduct which constitutes a substantial step toward the commission of the crime." We conclude that the jury necessarily, and reasonably, found that defendant intended to threaten the use of physical force. Defendant's entering the store armed with a deadly weapon, donning a mask and approaching the Chos was a substantial step toward committing robbery in the first degree. The judgment is modified to a conviction for attempted robbery in the first degree.

Judgment of conviction of robbery in the first degree reversed; remanded for entry of judgment of conviction of attempted robbery in the first degree and for resentencing.