Argued and submitted April 1, Court of Appeals reversed, case remanded to circuit court April 22, 1986

STATE OF OREGON,
*Respondent on review/*
*petitioner on review,*

*v.*

ROGER SCOTT ALLEN,
*Petitioner on review/*
*respondent on review.*

(CC C82-07-36518; CA A28862; SC S32405, S32418

717 P2d 1178

Phillip M. Margolin, Portland, argued the cause and filed the petition for petitioner/respondent on review.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent/petitioner on review. With him on the petition were Dave E. Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

PER CURIAM

## PER CURIAM

We allowed review in this case to decide whether to approve a rule stated by the Court of Appeals concerning how a trial court in a criminal case should instruct a jury on lesser included offenses.

■　　　In this case the trial court instructed the jury that if the jury found the defendant not guilty of kidnapping in the first degree, it should then consider whether the state has proved the defendant guilty of the lesser included charge of kidnapping in the second degree. The Court of Appeals held this instruction to constitute prejudicial error and reduced the defendant's convictions on the kidnapping charges from first to second degree. We agree that the instruction was erroneous, but hold that the error requires a different disposition than that chosen by the Court of Appeals.

In 1978, the Court of Appeals, in *State v. Ogden,* 35 Or App 91, 580 P2d 1049 (1978), held that it was improper for a trial court to tell a jury that it must find a defendant not guilty of the charged offense before it could consider a lesser included offense. In *Ogden,* the Court of Appeals suggested that a proper instruction would tell the jury "first to consider the charge in the accusatory instrument and if they cannot agree upon a verdict on that charge they are to consider the lesser included offenses." 35 Or App at 98. The Court of Appeals followed this decision in *State v. Bird,* 59 Or App 74, 650 P2d 949, *rev den* 294 Or 78 (1982); *State v. Martin,* 64 Or App 469, 668 P2d 479 (1983); and *State v. Ross,* 66 Or App 504, 674 P2d 85 (1984).

In June 1984, the Uniform Criminal Jury Instruction Committee of the Oregon State Bar adopted UCrJI No. 1009, which reads as follows:

> "LESSER INCLUDED OFFENSE
> ORDER OF DELIBERATION
>
> "When you deliberate you should first consider the charged offense and, if you cannot agree on a verdict on the charged offense, you should then consider the lesser included offense."

The comment to this rule reads:

> "In *State v. Ogden,* 35 Or App 91, 98, 580 P2d 1049 (1978), a divided court of appeals held that it was prejudicial error to

instruct a jury that it must first acquit the defendant of the charged offense before it could consider a lesser included offense. The majority concluded as follows: 'In summary we conclude it is proper for a court to instruct a jury they are first to consider the charge in the accusatory instrument and if they cannot agree upon a verdict in that charge they are to consider the lesser included offenses.' 35 Or App at 98. The minority disagreed and felt that the jury should be told that the manner of its deliberation and selection of the appropriate offense is wholly within its province. *Cf. State v. Bird,* 59 Or App 74, 79, 650 P2d 949 (1982). *See also* Smeltzer, *Criminal Procedure — Recognizing the Jury's Province to Consider the Lesser Included Offense: State v. Ogden,* 58 Or L Rev 572 (1980), where the author argues in favor of the minority viewpoint in *Ogden.*

"The committee feels that, until the appellate courts speak otherwise, that the guidance offered by the majority in *Ogden* should govern.

"It is reversible error to give the once standard instruction which read, 'If you determine that the defendant is not guilty of the crime of ＿＿＿＿＿＿＿ you may consider the lesser included crime of＿＿＿＿＿＿.' *State v. Bird, supra,* 59 Or App at 79; *State v. Martin,* 64 Or App 469, 471-472, 668 P2d 479 (1983)."

We recognize that the "acquittal first" instruction was first mentioned by this court in *State v. Steeves,* 29 Or 85, 96, 43 P 947 (1896), and was the standard instruction given in this state for over 75 years. The "acquittal first" instruction is also the favored instruction in many federal courts, *see Pharr v. Israel,* 629 F2d 1278, 1281-82 (7th Cir 1980), *cert den* 449 US 1088 (1981); *United States v. Hanson,* 618 F2d 1261, 1265-66 (8th Cir), *cert den* 449 US 854 (1980); *United States v. Butler,* 455 F2d 1338, 1340 (DC Cir 1971); *Fuller v. United States,* 407 F2d 1199, 1227-32 (DC Cir) (*in banc*), *cert den* 393 US 1120 (1968),[1] and is the instruction used in many state courts, *see State v. Wussler,* 139 Ariz 428, 679 P2d 74 (1984); *Lindsey v. State,* 456 So 2d 383, 388 (Ala App 1983), *aff'd on other*

---

[1] In *United States v. Jackson,* 726 F2d 1466, 1469 (9th Cir 1984), the Ninth Circuit joined the Second Circuit decision in *United States v. Tsanas,* 572 F2d 340, 346 (2nd Cir), *cert den* 435 US 995 (1978), holding that, although either formulation ("acquittal first" or "if unable to agree") may be employed if the defendant expresses no choice, it is error to reject the "if unable to agree" instruction if timely requested by the defendant. *See also Catches v. United States,* 582 F2d 453, 458-59 (8th Cir 1978).

*grounds sub nom Ex parte Lindsey,* 456 So 2d 393 (Ala 1984), *cert den* ___ US ___ (105 S Ct 1384) (1985); *Nell v. State,* 642 P2d 1361, 1367 (Alaska Ct App 1982); *Stone v. Superior Court,* 31 Cal 3d 503, 519, 183 Cal Rptr 647, 646 P2d 809 (1982); *People v. Padilla,* 638 P2d 15, 18 (Colo 1981); *Middlebrooks v. State,* 156 Ga App 319, 321, 274 SE2d 643 (1980); *Commonwealth v. Edgerly,* 13 Mass App Ct 562, 581-83, 435 NE2d 641 (1982); *State v. Wilkins,* 34 NC App 392, 399-400, 238 SE2d 659 (1977); *State v. McNeal,* 95 Wis 2d 63, 68, 288 NW2d 874 (1980); *Ballinger v. State,* 437 P2d 305, 309-11 (Wyo 1968).

Despite its common usage, however, the instruction has inherent problems. When the jury is instructed in accordance with the "acquittal first" instruction, a juror voting in the minority probably is limited to three options upon deadlock: (1) try to persuade the majority to change its opinion; (2) change his or her vote; or (3) hold out and create a hung jury.

The recent Arizona case of *State v. Wussler,* 139 Ariz 428, 679 P2d 74 (1984), prompted a case note in which the author quoted social psychology studies in demonstrating that only in rare situations can a minority persuade a majority to change its mind and that the minority either relinquishes its free will, changes its mind or the jury hangs:

> "In a study of 816 experimental jurors, the researcher found that in only 10% of the jury cases did the minority succeed in convincing the majority to change its vote. She found that among the 10% 'the size of the minority was most often five.' R.J. Simon, The Jury: Its Role in American Society 64 (1980). H. Kalven and H. Zeisel, [The American Jury] 488 [(1966)], had similar findings using real juries.

> "* * * [S]ee also M. Saks & R. Hastie, Social Psychology in Court 85, 96-98 (1978) (explaining the majority/minority interaction after impasse is reached).

> "In Simon's study, the results obtained when comparing jurors' individual verdicts as reported immediately before deliberations with the final verdicts demonstrated that 55% of the jurors held on to their initial vote, and that vote was consistent with the majority. Sixteen percent were in hung juries, yet did not change their vote as a result of the group discussion. Of the remaining 23% who changed their vote to join the majority, 70% went along 'probably because they wanted to avoid a hung jury,' and 30% 'shifted their verdicts in such a manner as to question whether they understood

what was happening.' R.J. Simon, *supra* * * *, at 63-64. * * *"
Note, State v. Wussler: *An Unfortunate Change in Arizona's Lesser-Included Offense Jury Instruction,* 27 Ariz L Rev 515, 525 nn 67, 68, 69 (1985).

These studies demonstrate that the "acquittal first" instruction exacerbates the risk of coerced decisions, a risk that is probably inherent in any jury deliberation.

■     We admit that there is some logic to the position taken by Judge Johnson in his concurring opinion (joined by Schwab, C.J.) in *State v. Ogden, supra,* that a jury should be totally unfettered in its selection of which offense it wishes to consider first; certainly it would not be error for a trial judge not to direct the jury how to proceed. However, because of the complexity of submitting multiple criminal charges to a jury, generally jurors are better served if the trial judge gives them some format to follow, rather than instructing them on all the possible verdicts and leaving them to deliberate as they see fit. The Bar instruction and the majority opinion in *Ogden* set forth a more ordered procedure without creating any coercion. We approve the procedure set forth by the Court of Appeals in *Ogden* and its progeny as the proper procedure for trial courts to follow in this state when instructing juries about lesser included offenses.

There remains the question of disposition of the case. Having found the instruction erroneous, the Court of Appeals did not reverse and remand the kidnapping counts for a new trial. Instead, the Court of Appeals stated:

> "In the past, when such an offending instruction has been given, we have sometimes reversed and remanded for a new trial. [Citing *Ogden, Martin* and *Bird, supra.*] Given that the instruction was error, it would not have been prejudicial error if defendant had been convicted of the lesser included offense. As defendant points out, the evil of the instruction is that the jury may have been inhibited from considering the lesser included offense by virtue of the instruction. It would follow, therefore, that, if the instruction had not been given, he might have been convicted of the lesser included offense rather than the greater offense as charged. That is the most that defendant could hope for. Under the circumstances, we perceive no reason why the judgments of conviction should not be modified to convictions on the lesser included charge. *See State v.*

*Greenlaw,* 50 Or App 97, 622 P2d 325 (1981)." 76 Or App at 265.

■      Such a result cannot be sustained under the *Ogden* rationale. That rationale assumes that the coercive effects of the jury instruction prevented the jury from appropriately considering the elements of the principal offense. If that is so, it follows that the jury was also prevented from appropriately considering the elements of any lesser included offense or offenses. We therefore cannot say that any particular conviction for a lesser included offense is "such as should have been rendered in the case." Or Const, Art VII (Amended), § 3. The kidnapping charges must be retried.

The defendant's other assignments of error are not well taken.

The Court of Appeals is reversed and the case is remanded to the circuit court for retrial on the kidnapping charges.