Submitted on remand from the Oregon Supreme Court May 28, reversed and remanded for new trial July 2, 1986

STATE OF OREGON
*Respondent,*

*v.*

DENNIS CHARLES JOHNSON,
*Appellant.*

(84-640; CA A35297)

720 P2d 1347

Jack Bernstein, Gladstone, appeared for appellant.

Jonathan H. Fussner, Assistant Attorney General, Salem, appeared for respondent. With him were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

**WARREN, J.**

This case is before us on remand from the Supreme Court for consideration in the light of *State v. Allen,* 301 Or 35, 717 P2d 1178 (1986). *State v. Johnson,* 301 Or 163, 719 P2d 484 (1986). In our prior opinion we reversed defendant's conviction of robbery in the first degree and remanded for entry of a judgment of conviction of attempted robbery in the first degree. *State v. Johnson,* 77 Or App 512, 714 P2d 240 (1986). *State v. Allen, supra,* held that this court cannot reverse a conviction and remand for entry of conviction of a lesser included offense if the jury was prevented, by a trial court's error, from appropriately considering the elements of the lesser offense.

In his brief to this court, defendant argued that the conviction for robbery was not supported by substantial evidence. We agreed that there was not sufficient evidence from which a rational jury could find that defendant used or threatened the immediate use of physical force. Defendant also argued in his brief that there was insufficient evidence on which he could be convicted of attempted robbery. We rejected that argument, concluding that the jury necessarily, and reasonably, found defendant guilty of every element of attempted robbery.

In his petition for review defendant argued that, because renunciation is a defense to attempted robbery and not to the completed offense, ORS 161.430, and the jury was so instructed, the jury did not necessarily consider and reject that defense to attempted robbery by convicting him of robbery.[1] We had held that the trial court should have granted defendant's motion for judgment of acquittal of robbery in the first degree. By denying that motion and instructing the jury not to consider the lesser included offense of attempted robbery unless it could not agree on a verdict as to robbery, the trial court improperly prevented the jury from adequately considering the charge of attempted robbery, including all defenses thereto. For this reason, we reverse the conviction of robbery and remand for a new trial. *State v. Allen, supra.*

---

[1] Although we ordinarily do not consider arguments raised for the first time in a petition for review, we shall not penalize defendant for not raising this argument in his brief because he was under no obligation to anticipate our disposition of the case after reversing on his appeal.

Reversed and remanded for a new trial.