Argued and submitted February 17, affirmed August 30, 2000

# STATE OF OREGON,
*Respondent,*

*v.*

# MICHAEL ANDRE HORSLEY,
*Appellant.*

(9709-37575; CA A102359)

8 P3d 1021

Peter Gartlan, Chief Deputy Public Defender, argued the cause for appellant. With him on the brief was David E. Groom, Public Defender.

Rolf C. Moan, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before De Muniz, Presiding Judge, and Haselton and Wollheim, Judges.

DE MUNIZ, P. J.

## DE MUNIZ, P. J.

■     Defendant was convicted of two counts of robbery in the first degree. ORS 164.415. In accordance with ORS 136.460(2),[1] the trial court instructed the jury that it must first find defendant not guilty of robbery in the first degree, the offense charged in the indictment, before considering the lesser offense of robbery in the second degree. On appeal, defendant contends that the "acquittal first" instruction violates Article I, section 11, of the Oregon Constitution, and the Fourteenth Amendment to the United States Constitution by denying a criminal defendant the right to an impartial jury.[2] We affirm.

On September 23, 1997, defendant entered the Ainsworth Pharmacy in northeast Portland. When the clerk, Jefferson, asked if she could help him, defendant pulled a gun and said, "Give me all your money." Jefferson replied, "Mister, I don't have no damn money to give you," and walked to the rear of the store. At the rear of the store, Jefferson told another clerk, Kennedy, "This man wants your money." Kennedy then approached defendant. Defendant confirmed that he did indeed want money, so Kennedy rang "no sale" and gave defendant $230 from the register.

Jefferson and a customer identified defendant as the robber from a police "photo throwdown" and again in court. Kennedy was unsure whether defendant was the robber. Defendant offered evidence that, at the time of the robbery, he was at a barbecue at the residence of a friend. Nevertheless, the prosecutor requested a lesser included instruction

---

[1] ORS 136.460(2) provides:

"The jury shall first consider the charged offense. Only if the jury finds the defendant not guilty of the charged offense may the jury consider a lesser included offense. If there is more than one lesser included offense, the jury shall consider the lesser included offenses in order of seriousness. The jury may consider a less serious lesser included offense only after finding the defendant not guilty of any more serious lesser included offenses."

[2] Defendant's argument also contains an assertion that the presumption of innocence that attends a defendant in a criminal trial is violated by the "acquittal first" instruction. However, he does not develop that argument in the brief, and we therefore decline to address it. See State v. Montez, 309 Or 564, 604, 789 P2d 1352 (1990) (refusing to consider defendant's constitutional argument because the issue was not adequately developed on appeal).

on robbery in the second degree. Defendant objected, asserting that the state's proffered instruction mandated by ORS 136.460(2) was an "acquittal first" instruction disapproved in *State v. Ogden*, 35 Or App 91, 580 P2d 1049 (1978), and *State v. Allen*, 301 Or 35, 717 P2d 1178 (1986), and that to give such an instruction violated defendant's constitutional right to due process of law and a fair trial. The trial court rejected defendant's arguments and gave the instruction. The jury returned guilty verdicts on both counts of robbery in the first degree.

■     On appeal, defendant makes the same arguments that he made in the trial court. The state responds that the instruction does not violate the due process clause of the federal constitution and further asserts that it does not violate the "impartial jury" provisions of Article I, section 11, of the Oregon Constitution. The state further suggests that this court should revisit its conclusion in *State v. Amini*, 154 Or App 589, 963 P2d 65, *rev allowed* 327 Or 620 (1998), that jury instructions can ever violate the "impartial jury" provisions of Article I, section 11. For the reasons explained below, we conclude that the "acquittal first" instruction does not violate either the state or federal constitutions, and thus we have no need to revisit our holding in *Amini* concerning Article I, section 11.

    We begin with a brief history of the "acquittal first" instruction. For at least 75 years, the "acquittal first" instruction was the standard instruction used to introduce the concept of lesser included offenses to the jury and to guide the jury in its consideration of lesser included offenses. *See Allen*, 301 Or at 38, *citing State v. Steeves*, 29 Or 85, 43 P 947 (1896). However, in *Ogden*, this court observed that a juror leaning toward an acquittal on the charged offense could feel coerced into voting guilty on the charged offense when guided by the "acquittal first" instruction. In holding that it was error to give the "acquittal first" instruction, this court reasoned:

> "The doctrine of lesser included offenses allows the jury some latitude in considering the offenses about which they have been instructed. The supplemental instruction [acquittal first] given by the court invaded this province of the jury and was error. It effectively inhibited the right of

the jury to consider the lesser offense of trespass." *Ogden,* 35 Or App at 97.

In *Allen,* the Oregon Supreme Court adopted our rationale from *Ogden,* agreeing that the "acquittal first" instruction was impermissible because it "exacerbates the risk of coerced decisions" and improperly prevents the jury "from appropriately considering the elements of any lesser offense or offenses." 301 Or at 40-41. Neither *Ogden* nor *Allen* contains a single reference to the Oregon or United States Constitutions. Nevertheless, defendant contends that the coercive effects of the "acquittal first" instruction now mandated by ORS 136.460(2) are of such magnitude that the instruction violates his right to an impartial jury contained in Article I, section 11, of the Oregon Constitution.[3]

The "acquittal first" instruction was disapproved in *Ogden* and *Allen* because each court accepted the argument that the instruction tends to coerce those jurors leaning toward or holding out for acquittal on the greater charge to capitulate to a finding of guilt on the greater charge out of concern that a mistrial caused by a hung jury may permit the defendant to escape responsibility altogether. On the other hand, the "unable to agree instruction" approved in *Ogden,* which permits the jury to consider a lesser included offense without first acquitting the defendant on the greater offense, tends to allow the jury to correlate the evidence more closely with the appropriate level of criminal responsibility and promotes the more efficient use of judicial resources by making second trials due to hung juries less likely—thereby lessening the strain on all the participants. Each instruction, however, depending on the context of the case, has advantages and disadvantages to each side.

For example, from the state's perspective, the "acquittal first" instruction tends to avoid the danger that the jury will not fully discharge its duty with respect to its deliberation on the greater charge but will move too quickly to the lesser charge. However, the instruction may in certain cases disadvantage the state and be more advantageous to the

---

[3] Article I, section 11, of the Oregon Constitution, provides, in part: "In all criminal prosecutions, the defendant shall have the right to * * * an impartial jury[.]"

defendant in that a jury unable to acquit or convict on the greater charge will not be able to reach a lesser charge on which it might have agreed, requiring a retrial or dismissal. The "unable to agree" instruction reverses the advantage/disadvantage calculus in that it increases the state's chance of getting a conviction on something, albeit at the risk of not getting the conviction it wants. On the other hand, the "unable to agree" instruction, although tending to assist a defendant in avoiding conviction on the greater charge due to the jury's concern for a mistrial, can disadvantage the defendant by permitting the jury to reach the lesser included offense on which it may agree. *See United States v. Tsanas*, 572 F2d 340, 346 (2d Cir), *cert den* 435 US 995 (1978).

Whatever advantages or disadvantages each instruction might provide, we are confident that neither instruction is mandated nor prohibited by the Oregon or United States Constitutions. We are also confident that the decisions in *Ogden* and *Allen* were the result of policy choices, not constitutional mandate. Defendant has not cited a single case, and our extensive research has not found any case, in which any court has held that an "acquittal first" instruction violates any provision of a state or the federal constitution.[4] Although there are occasions, perhaps more rare today, where the judicial branch is free to determine the better and perhaps fairer policy in a matter of criminal procedure, policy choices, fettered only by constitutional limits, remain the province of the legislature. *See State v. Thorp*, 166 Or App 564, 579, 2 P3d 903 (2000). Here, the legislature has made the policy choice that a jury should consider a lesser included offense only after it has voted to acquit the defendant on the greater offense. Although our case law disapproves that form of instruction because, in our view, the instruction tends to

---

[1] Numerous cases hold that the "acquittal first" instruction is not violative of any constitutional right of a criminal defendant. *See, e.g., State v. Labanowski*, 117 Wash 2d 405, 423, 816 P2d 26 (1991) (defendants' arguments that the "acquittal first" instruction violates a constitutional right does not withstand scrutiny); *United States v. Moccia*, 681 F2d 61, 64 (1st Cir 1982) (the well-established rule of requiring unanimity on the greater offense does not violate due process); *Pharr v. Israel*, 629 F2d 1278, 1282 (7th Cir 1980), *cert den* 449 US 1088 (1981) ("acquittal first" instruction does not violate either due process or the right to trial by jury); *State v. Lee*, 189 Ariz 590, 602, 944 P2d 1204 (1997), *cert den* 523 US 1007, 118 S Ct 1192, 140 L Ed 2d 321 (1998) ("acquittal first" requirement does not violate the Arizona or United States Constitutions).

inhibit the jury's consideration of lesser offenses, the legislature is not, in the absence of constitutional mandate, required in a matter of policy to choose what we may believe to be the better course. Accordingly, we hold that the "acquittal first" instruction given in this case did not violate any right of defendant under the Oregon or United States Constitutions.

Affirmed.