Argued and submitted June 8, sentence vacated; remanded for resentencing; otherwise affirmed November 28, 2007, petition for review denied March 26, 2008 (344 Or 391)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

GREGORY PAUL WILSON,
*Defendant-Appellant.*

Multnomah County Circuit Court
920834764; A121457

173 P3d 150

Richard L. Wolf argued the cause and filed the briefs for appellant.

Anna M. Joyce, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and David B. Thompson, Senior Assistant Attorney General.

Before Haselton, Presiding Judge, and Armstrong and Rosenblum, Judges.

HASELTON, P. J.

## HASELTON, P. J.

This is the third appeal of this case, which arises from defendant's involvement in the 1992 abduction and death of Misty Largo.[1] Defendant was convicted, on retrial, of five counts of attempted aggravated murder and one count of attempted murder. On appeal, defendant argues that the trial court erred in (1) giving an "acquittal first" instruction pursuant to ORS 136.420(2), (2) denying a mistrial based on alleged prosecutorial misconduct, (3) instructing the jury, based on the Oregon Supreme Court's affirmance of a prior appeal of defendant's conviction for other felonies arising from this same incident, that the state had proved those crimes for purposes of the jury's consideration of the aggravated murder charges, (4) refusing to merge the convictions on retrial with those previously affirmed felony convictions, and (5) imposing a consecutive sentence based on judicial findings. We reject all of defendant's contentions except the last, which is controlled by *State v. Ice*, 343 Or 248, 170 P3d 1049 (2007). Accordingly, we reverse and remand for resentencing but otherwise affirm.

The circumstances material to our review are undisputed. In 1992, defendant was charged with, and convicted of, multiple crimes relating to Largo's kidnapping and murder. Specifically, as pertinent here, a jury convicted defendant of nine counts of aggravated murder, one count of murder, one count of second-degree kidnapping, two counts of first-degree kidnapping, and one count of third-degree assault. The trial court merged the murder conviction into one of the aggravated murder convictions and also merged the various underlying felony assault and kidnapping convictions into other aggravated murder counts and, based on requisite determinations by the jury, imposed a sentence of death on the aggravated murder counts. On direct review, the Oregon Supreme Court reversed defendant's convictions for murder and aggravated murder based on evidentiary error, but affirmed defendant's other convictions and remanded the case for further proceedings. *State v. Wilson,*

---

[1] The details of the incident are set forth in *State v. Charboneau*, 323 Or 38, 913 P2d 308 (1996).

323 Or 498, 519, 918 P2d 826 (1996), *cert den*, 519 US 1065 (1997) (*Wilson I*).

On remand, defendant successfully postponed retrial on the murder and aggravated murder charges while he sought collateral relief. Meanwhile, the state sought to have defendant resentenced on the convictions that had been affirmed by the Oregon Supreme Court. The trial court then sentenced defendant on two counts of first-degree kidnapping (the court merged the second-degree kidnapping count) and one count of third-degree assault. The court imposed a 140-month sentence on one of the first-degree kidnapping counts and a concurrent indeterminate 30-year dangerous offender sentence on the other, as well as a concurrent 18-month sentence for the third-degree assault. In *State v. Wilson*, 161 Or App 314, 985 P2d 840 (1999), *rev den*, 330 Or 71 (2000) (*Wilson II*), defendant challenged those sentences, and we affirmed.[2]

As noted, defendant's present appeal concerns his retrial on eight counts of aggravated murder[3] and one count of murder. On retrial, defendant was found guilty of five counts of the lesser-included offense of attempted aggravated murder, each on a different theory, and one count of the lesser-included offense of attempted murder. The jury failed to reach a verdict on three additional counts of aggravated murder, each on a different theory. The court granted a mistrial as to the counts on which the jury had failed to reach a verdict and, at sentencing, merged all of the convictions into a single conviction for attempted aggravated murder and initially imposed an upward departure sentence of 120 months' imprisonment. The court subsequently amended the judgment to delete the departure sentence and impose a presumptive sentence of 66 months' imprisonment for attempted aggravated murder, 60 months of which were to run consecutively to defendant's sentence for first-degree kidnapping, as affirmed by this court in *Wilson II*. In imposing that consecutive sentence, the trial court determined that

---

[2] Our analysis and disposition in *Wilson II* are recounted in greater detail below. *See* 216 Or App at 234-35.

[3] The prosecution dismissed one of the aggravated murder counts after remand.

the attempted aggravated murder offense "caused a greater or qualitatively different injury or harm to the victim, per ORS 137.123(5)" than the first-degree kidnapping.

■    We first address defendant's assignments of error challenging rulings in the course of the retrial on the aggravated murder and murder charges. Defendant first challenges the trial court's giving of an "acquittal first" instruction pursuant to ORS 136.460(2). As described more fully below, defendant contends that, because his alleged crimes occurred in 1992 and ORS 136.460 was not enacted until 1997, the giving of the statutorily prescribed instruction violated the *ex post facto* provisions of the state and federal constitutions. ORS 136.460 provides, in pertinent part:

"(1)   Upon a charge for a crime consisting of different degrees, the jury may find the defendant not guilty of the degree charged in the accusatory instrument and guilty of any degree inferior thereto or of an attempt to commit the crime or any such inferior degree thereof.

"(2)   The jury shall first consider the charged offense. Only if the jury finds the defendant not guilty of the charged offense may the jury consider a lesser included offense."

That statute was enacted in 1997. Or Laws 1997, ch 511, § 1. Before the enactment of that statute, the Oregon Supreme Court held in *State v. Allen*, 301 Or 35, 39, 717 P2d 1178 (1986), that, although "acquittal first" instructions had historically been given in criminal cases in Oregon, such an instruction could have the effect of coercing jurors with minority views to change their minds. The Supreme Court had, thus, concluded that, although juries could be instructed to first consider charged offenses before considering lesser-included offenses, they should not be told that they must reach a verdict of acquittal on the greater charges first. *Id*. at 39-40. Consequently, at the time of defendant's crimes charged here—after *Allen* and before the enactment of ORS 136.460—*Allen* was controlling law and "acquittal first" instructions were not given.

Given that timing, defendant argues that giving the "acquittal first" instruction at his retrial violated the *ex post*

*facto* provisions of Article I, section 21, of the Oregon Constitution and Article I, section 10, of the United States Constitution. In particular, defendant argues that, under both the state and federal constitutional analyses, the giving of the instruction ran afoul of the principle that a law " 'that alters the legal rules of evidence, and receives less, or different testimony, than the law required at the time of the commission of the offence,' " is an *ex post facto* law. *State v. Fugate*, 332 Or 195, 212, 26 P3d 802 (2001) (quoting *Calder v. Bull*, 3 US (3 Dall) 386, 390-91, 1 L Ed 648 (1798) (emphasis in *Fugate* omitted)).

The state responds, quite cogently, that ORS 136.460 does not alter any legal rule of evidence or alter the type or amount of evidence received at trial at all. In that regard, the state emphasizes that the Oregon Supreme Court has recently explained that the operative species of *ex post facto* law—*Calder*'s "fourth category"—refers to an evidentiary change that "alters the sufficiency-of-evidence standard or otherwise reduces the quantum of evidence necessary to meet the burden of proof to convict." *State v. Guzek*, 336 Or 424, 445-46, 86 P3d 1106 (2004), *vac'd and rem'd on other grounds*, 546 US 517, 126 S Ct 1226, 163 L Ed 2d 1112 (2006) (internal quotation marks, citation, and footnote omitted).

We need not, however, address the dubious proposition that a change in the law concerning the order in which a jury deliberates on charges is tantamount to a law that alters an evidentiary standard. That is so because of the posture in which the matter arises and the manner in which it is framed for our consideration. In particular, defendant contends—or, at least, did in his opening brief—that, as a result of the alleged error, his convictions (for attempted aggravated murder and attempted murder) must be reversed. Defendant also argues, particularly in his reply brief, that the alleged error caused the jury to be unable to reach a verdict on the counts of aggravated murder on which the trial court ultimately granted a mistrial. Thus, defendant seems to argue that the giving of the "acquittal first" instruction both (1) compels reversal of his convictions on *lesser-included* charges and (2) precludes retrial on charges on which the jury was unable to reach a verdict.

What defendant fails to explain is how any potential error in this instruction could possibly have prejudiced him *with regard to the convictions at issue on appeal*. That is, the *charges* at issue here were aggravated murder and murder, but defendant's *convictions* were for the lesser-included offenses of attempted aggravated murder and attempted murder. Thus, after receiving the "acquittal first" instruction, the jury (which we presume followed that instruction) proceeded to first acquit defendant of the charged offenses and then considered the lesser-included offenses.

That result in no way implicates the concerns in *Allen*. What the Supreme Court found to be problematic about an "acquittal first" instruction in *Allen* was that a jury would never reach the point of deliberating on the lesser-included offense, because minority-view jurors would be pressured to convict on the greater offense before the lesser offense could be considered. 301 Or at 39. Whatever the abstract merits of that rationale, it simply does not apply in this case, where the jury did, in fact, acquit on the greater offenses. Given that outcome, it is patent that any jurors inclined toward acquittal on the greater offenses were not unduly pressured.

■     To the extent that defendant may be suggesting that *Allen* holds that this type of error can never be harmless— that is, it is something akin to a "structural error" requiring automatic reversal—we disagree. First, the Oregon Supreme Court has repeatedly admonished that the concept of "structural error" is inapposite to Oregon law. *See Ryan v. Palmateer*, 338 Or 278, 295, 108 P3d 1127, *cert den*, 546 US 874 (2005) ("[S]tructural error is a doctrine that originated in federal criminal cases and * * * has not been adopted by this court as an aspect of Oregon law[.]"). Beyond that, *Allen* itself does not bear or invite such a characterization.

In *Allen*, the jury, which had been instructed to consider whether the defendant was guilty of second-degree kidnapping only if it acquitted on the charge of first-degree kidnapping, convicted on the first-degree kidnapping charge. 301 Or at 37. Our court, following our own precedent that

predated *Allen*, held that, although the instruction was erroneous, "we perceive no reason why the judgments of conviction should not be modified to convictions on the lesser included charge." *State v. Allen*, 76 Or App 263, 265, 708 P2d 1201 (1985). The Supreme Court rejected that rationale, noting that the "coercive effects of the jury instruction [that] prevented the jury from appropriately considering the elements of the principal offense" also prevented the jury from "appropriately considering the elements of any lesser included offense or offenses." *Allen*, 301 Or at 41.

In the present case, defendant fails to appreciate the substantial difference between what the jury considered in *Allen* and what the jury considered here. In *Allen*, after receiving an acquittal first instruction, the jury convicted on the greater offense—and thus never reached the point of deliberating on any lesser offense. Given that the jury never actually considered whether the defendant in *Allen* had committed second-degree kidnapping, the court declined to affirm a conviction as to that offense. Here, by contrast, the jury acquitted of the greater offenses and convicted on the lesser offenses after due deliberation. Defendant does not explain, and we do not perceive, how any supposed error with regard to the "acquittal first" instruction prejudiced him as to the convictions at issue on appeal.

■        As noted, defendant also suggests that the "acquittal first" instruction may have impermissibly skewed the jury's consideration of the three aggravated murder counts on which the jury failed to reach a verdict. The short answer to that suggestion is that it is not cognizable in this appeal. Any "error" in that regard did not, by definition, result in a conviction on those counts, and we do not reverse "hung" juries.[4]

■        In his second assignment of error, defendant challenges the trial court's failure to grant a mistrial based on alleged prosecutorial misconduct, specifically, allegedly alerting a prosecution witness, who was excluded from the

---

[4] Defendant has been diligently pursuing relief in federal courts to prevent the state from retrying him on those counts. *See Wilson v. Czerniak*, 355 F3d 1151 (9th Cir 2004) (addressing aggravated felony murder); *Wilson v. Belleque*, No 06-951-AA, 2007 WL 1299328 (D Or, Apr 30, 2007) (addressing felony murder).

courtroom during the testimony of other witnesses, to potential lines of inquiry by defense counsel. We review for abuse of discretion, *State v. Bowen*, 340 Or 487, 508, 135 P3d 272 (2006), *cert den*, ____ US ____, 127 S Ct 1258, 167 L Ed 2d 89 (2007), and reject defendant's arguments without discussion.

■         Defendant next contends that the trial court erred in directing the jury on retrial to accept as already proven that defendant had committed the underlying felonies (*e.g.*, kidnapping and assault) that served as the basis for certain elements of the aggravated murder charges. As noted, the Oregon Supreme Court had affirmed defendant's convictions on those underlying felonies in *Wilson I*, 323 Or at 519. Defendant acknowledges that he cannot prevail on this assignment of error under the reasoning of the Oregon Supreme Court's decision in *State v. Boots*, 315 Or 572, 848 P2d 76, *cert den*, 510 US 1013 (1993). In *Boots*, as pertinent here, the Supreme Court held that, where all elements of murder had been found in the defendant's original jury trial, the trial court correctly limited the jury's consideration on retrial of an aggravated murder charge to those elements necessary to establish the greater offense. *Id.* at 578-79. Defendant asserts, however, that *Boots* should be overruled in light of *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), and *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000). At best, defendant's argument is that an implicit extension of *Apprendi* and *Blakely* contradicts the pertinent aspect of *Boots*. Certainly, nothing in those cases so explicitly and directly repudiates *Boots* as to compel this court, an intermediate appellate court, to deem an opinion of the Oregon Supreme Court to have been "overruled" by subsequent United States Supreme Court authority. Defendant's argument is properly addressed to the Oregon Supreme Court. *See, e.g., Schiffer v. United Grocers, Inc.*, 143 Or App 276, 284, 922 P2d 703 (1996), *rev'd on other grounds*, 329 Or 86, 989 P2d 10 (1999) ("We are not in the business of overruling decisions of the Oregon Supreme Court.").

        In his fourth assignment of error, defendant argues that the trial court not only should have merged his convictions on retrial for attempted aggravated murder and attempted murder—which the court did—but should also

have merged those convictions with the convictions for the underlying felonies that were affirmed by this court in *Wilson II*, 161 Or App at 324. As support for that position, defendant relies primarily on certain statements in our opinion in *Wilson II*.

■　In *Wilson II*, defendant had taken the position that he could not, in fact, be resentenced on the convictions that the Oregon Supreme Court had affirmed in *Wilson I*, because those convictions originally had merged with his aggravated murder convictions, *see* 216 Or App at 228-29, and "there is no mechanism available to the trial court, or the appellate court, to 'remerge' the kidnapping and assault convictions into later aggravated murder convictions should such convictions occur." *Wilson II*, 161 Or App at 318. We rejected defendant's argument that the trial court lacked authority to resentence on the affirmed convictions—and then added:

> "We express no opinion on whether separately sentencing those offenses that previously had merged with aggravated murder convictions based on the same criminal conduct may lead to a potential sentencing problem in the future. Defendant appears to be correct that, should he be convicted again on the aggravated murder charges, there is no procedural mechanism for 're-merging' the present sentences into whatever sentence he receives on the aggravated murder convictions, which could implicate the rule of law from [*State v. Turner*, 247 Or 302, 429 P2d 565 (1967)] that a defendant generally should not be subject to harsher penalties for the same crimes as a result of a successful appeal. Defendant's argument on this question, however, is not ripe and will not be ripe unless and until he is again convicted of murder or aggravated murder. The error, if any, is not one that has occurred but is one that may occur, depending on future events."

*Id.* at 319.

Defendant asserts that that "potential sentencing problem in the future" that we recognized in his previous appeal has now come to pass. He asserts that, under *Turner*, he has been penalized for prevailing in *Wilson I*, because all of his convictions originally were merged into his aggravated murder conviction, but as we noted in *Wilson II*, there exists no mechanism for "re-merging" lesser-included and greater

offenses when they have proceeded separately. *Wilson II*, 161 Or App at 319.

Defendant's argument fails for either of two fundamental reasons. First, our speculation in *Wilson II* about the "potential sentencing problem in the future" was about what might occur should defendant be convicted again of *aggravated murder*. Defendant, however, was *not* convicted of aggravated murder. He was convicted of *attempted* aggravated murder. Defendant appears to assume—incorrectly—either that attempted aggravated murders that happen in the course of committing the felonies of first-degree kidnapping or third-degree assault merge into those offenses or, perhaps, that those offenses merge into the attempted aggravated murder convictions. Either way, defendant is incorrect. Merger of lesser-included offenses into greater offenses is governed by ORS 161.067(1), which provides:

> "When the same conduct or criminal episode violates two or more statutory provisions and *each provision requires proof of an element that the others do not*, there are as many separately punishable offenses as there are separate statutory violations."

(Emphasis added.)

Kidnapping and assault convictions require proof of the completed crimes of kidnapping and assault; attempted aggravated murder, under any theory, does not require such proof. Attempted aggravated murder, on the other hand, regardless of the theory, requires proof that a defendant "intentionally engages in conduct which constitutes a substantial step toward commission of" aggravated murder; neither kidnapping nor assault require such proof. Defendant's assumption that the convictions should have merged therefore is groundless.

Second, even if that problem were somehow surmountable, our observation in *Wilson II* that defendant invokes was based on an incorrect assumption. In particular, the above-quoted statement from *Wilson II* was predicated on our assumption that, under "*State v. Tucker*, 315 Or [321, 331, 845 P2d 904 (1993),] the sentencing court was required to merge the assault and kidnapping convictions with the

aggravated murder convictions." *Wilson II*, 161 Or App at 322. However, after *Wilson II*, the Oregon Supreme Court decided *State v. Barrett*, 331 Or 27, 37 n 4, 10 P3d 901 (2000), in which it indicated that offenses that constitute aggravating circumstances for purposes of proving theories of aggravated murder are *not* lesser-included offenses that merge into convictions for aggravated murder. *See also State v. Ramsey*, 184 Or App 468, 477 n 5, 56 P3d 484 (2002), *rev den*, 335 Or 479 (2003) (noting that *Barrett* overruled *Tucker* on that point *sub silentio*).

■     In his fifth and final assignment of error, defendant challenges the trial court's imposition of a consecutive sentence based on judicial factfinding, arguing that *Apprendi* and *Blakely* require that facts pertaining to the imposition of consecutive sentences must be found by a jury. Here, as noted, *see* 216 Or App at 230, the trial court ordered that the sentence for attempted aggravated murder be served consecutively to the sentence for first-degree kidnapping based on its determination that the former "caused a greater or qualitatively different injury" to the victim than the latter. ORS 137.123(5)(b). Defendant is correct: In *Ice*, 343 Or at 266, the Oregon Supreme Court held that judicial factfinding in support of consecutive sentences pursuant to ORS 137.123(5), as occurred in this case, runs afoul of the right to jury trial under the Sixth Amendment to the United States Constitution. Accordingly, this case must be remanded for resentencing.

Sentence vacated; remanded for resentencing; otherwise affirmed.