On respondent's petition for reconsideration filed March 19, appellant's response to respondent's petition for reconsideration filed March 24, and respondent's reply to appellant's response to respondent's petition for reconsideration filed April 16, reconsideration allowed; former disposition withdrawn; former opinion (216 Or App 226, 173 P3d 150 (2007)) modified and adhered to as modified; affirmed May 13, 2009

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

GREGORY PAUL WILSON,
*Defendant-Appellant.*

Multnomah County Circuit Court
920834764; A121457

208 P3d 523

John R. Kroger, Attorney General, Erika L. Hadlock, Acting Solicitor General, and Paul L. Smith, Assistant Attorney-in-Charge, Criminal Appeals, for petition. On the reply were Jerome Lidz, Solicitor General, and Doug M. Petrina, Senior Assistant Attorney General.

Richard L. Wolf for response.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Rosenblum, Judge.

PER CURIAM

## PER CURIAM

The state petitions, based on *Oregon v. Ice*, 555 US ____ , 129 S Ct 711, 172 L Ed 2d 517 (2009), for reconsideration of our decision in this case. *State v. Wilson*, 216 Or App 226, 173 P3d 150 (2007). For the reasons that follow, we allow reconsideration, withdraw our former disposition, modify our former opinion in part and adhere to it as modified, and affirm.

In *Wilson*, defendant raised a variety of challenges to his convictions and sentences, and we rejected all of those challenges, except for defendant's contention, based on *State v. Ice*, 343 Or 248, 170 P3d 1049 (2007), that the trial court had erred in imposing a consecutive sentence based on judicial findings. *Wilson*, 216 Or App at 228-37. Accordingly, we affirmed defendant's convictions and remanded for resentencing. *Id.*

We agree with the state that, in light of *Oregon v. Ice*, the trial court did not err in imposing the disputed consecutive sentence. Consequently, we: (1) modify our former opinion to delete those portions that state that *State v. Ice* is controlling and requires a remand for resentencing, *see Wilson*, 216 Or App at 228, 237; (2) adhere to our former opinion as so modified; (3) withdraw our prior disposition in light of *Oregon v. Ice*; and (4) affirm.[1]

Reconsideration allowed; former disposition withdrawn; former opinion modified and adhered to as modified; affirmed.

---

[1] We agree with the state that, notwithstanding defendant's service of the incarcerative term of the consecutive sentence, because of collateral consequences pertaining to the term of post-prison supervision for that sentence this matter is not moot.